GLENNA STELLA *v.* DOWNYFLAKE RESTAURANT ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued February 7—decided March 6, 1940.

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellant (defendant administrator).

No appearance for other parties.

HINMAN, J.  The claim procedure under the state Unemployment Act, General Statutes, 1939 Supplement, Chapter 280a, is prescribed by §1341e.  Claims for benefits are required (a) to be made at the public employment bureau most easily accessible.  (b) An examiner designated by the administrator, § 1340e(a), is required to examine the claim and, on the basis of the facts found by him, determine whether the claim is valid.  From his decision appeal may be taken as therein provided.  (c) On this appeal the claim is heard, de novo, by one of the commissioners appointed under § 1340e(b).  Benefit eligibility conditions are prescribed by § 1339e.  The qualifications (a) include that an unemployed individual (1) shall be found to have made claim for benefits and "registered for work" at the public employment bureau or other agency designated by the administrator and (2) that "he is physically and mentally able to work and is available for work."  The disqualifications (b) include cases in which the administrator finds that the claimant "has failed without sufficient cause either to apply for available, suitable work when directed so to do by

the public employment bureau or the administrator; or to accept suitable work when offered him by [such] bureau or by an employer." It is further provided that in determining whether or not any work is suitable to an individual the administrator may consider (inter alia) "the degree of risk involved to his health, safety and morals, his physical fitness and prior training and experience."

Glenna Stella, hereinafter called the plaintiff, obtained employment with the named defendant in July, 1937, working at a soda fountain in its restaurant. In March, 1939, she terminated her employment to get married and did so in May. On September 20, 1939, she made claim for unemployment benefits but the examiner denied it on the ground that she was not "available for work" as required by § 1339e, supra. She appealed and, after hearing, the commissioner for the first district reversed the examiner's decision. From this the administrator appealed to the Superior Court, which dismissed the appeal to it. The issue upon all the appeals, including that to this court, is whether, upon the facts, the plaintiff is "available for work" within the meaning of § 1339e(a)(2).

The commissioner found that during the plaintiff's last four months of employment she worked as a waitress in the defendant's establishment because she felt that if she did not she would be discharged. Recourse to her original registration card shows a notation "does not like waiting work" and the commissioner's finding states that "she does not care to accept a job as a waitress" because she feels that her high school education, which included commercial subjects, fits her for other types of employment than as waitress; that she is capable of clerical work in offices and would be glad to be offered a position on a drug store or other sales counter; that she is physically and mentally able

and is willing to accept any such work; and concluded that she is available for work within the meaning of the statute. The Superior Court on the appeal to it construed the commissioner's finding as being that the plaintiff "was unwilling to include in the work which she registered to do that incidental to the position of a waitress." Respecting the commissioner's conclusion it held that it was within the latitude accorded under the statute and not to be disturbed on appeal. The administrator's claim is that "any kind of work in which a person has had prior training and experience without any ill effect upon his or her health, safety and morals is suitable," that to qualify for benefits he must register for all such work, and that the plaintiff "having excluded waitress work" has not fulfilled the requirement of being "available for work."

We do not construe either the registration of the plaintiff or her subsequent attitude as definitely excluding waitress work, as the commissioner appears to have done. Certainly the declaration in her registration that she "does not like" that work does not amount to refusal to accept it, nor does the finding, or the evidence before the commissioner, that she does not "care to" work as a waitress. "Care" means only "to have an inclination, wish, or disposition." Webster's New International Dictionary, 2d Ed. Therefore this case does not involve determination whether a claimant who in registering definitely excluded work which the administrator held to be suitable would thereby become disqualified for benefits. We observe, however, that all the statute—§ 1339e(a)(2)—appears to require in the first instance is that the claimant be "available for work," so that, it would seem, ineligibility for benefits because of exclusion, by a claimant, of any certain class or kind of employment would arise

through failure to apply for, when directed, or accept when offered, work determined by the administrator to be suitable for the individual, as provided in § 1339e(b). It does not appear that this plaintiff has been directed to apply for or been offered employment as a waitress or in any other capacity. If she should be offered and refuse employment as a waitress, and the administrator ruled it to be suitable, determination as to the effect of such refusal, including the validity of the ruling, would be appropriate. We are unable on the present appeal to find ground for error in the decision of the Superior Court.

There is no error. No costs will be taxed in this court.

In this opinion the other judges concurred.