## JANE DINOVELLIS
*vs.*
## CORNELIUS J. DANAHER, ADMR.

Superior Court          Hartford County          File No. 69078

MEMORANDUM FILED JULY 3, 1943.

*Francis A. Pallotti,* Attorney General, and *Harry Silverstone,* Assistant Attorney General, for the Defendant.

CORNELL, J. The motion to correct the finding is

granted. As so corrected, it appears from the finding, in so far as is material to the question raised by the appeal, that the appellee (hereinafter referred to as the plaintiff) is a young married woman living with her husband and two children of the ages of ten and four years, respectively; that her husband is locally employed during the hours between 8:00 a.m. and 6:00 o'clock p.m.; that she, also, has been working, her last employment being at bench work at the factory of The Fuller Brush Company between 3:00 and 11:00 o'clock p.m., from which she separated herself on November 25, 1942, because of lack of work. She is willing to accept employment on a day shift from 7:00 a.m. to 3:00 o'clock p.m., or "some such similar hours", but at no other time. The reason for this attitude on her part is that during the portion of the day mentioned her father, who resides in the same house where she and her husband and family dwell, would be able to take care of her children and she feels that she should be at home to supervise them in the evening. While she has made independent effort to obtain employment suitable to her situation, she has refused to accept a referal by the United States Unemployment Service to a job with Veeder Root, Inc., because the hours of employment there were from 4:00 p.m. to 12:00 midnight.

Plaintiff made claim for unemployment compensation benefits, credited as December 13, 1942, on December 15, 1942, and this was approved. Thereafter, certain payments were made to her. On January 15, 1943, however, the Unemployment Compensation Division made a decision, disapproving all claims filed by plaintiff after January 12, 1943, for the reason that she had "placed such severe restrictions on her availability for work as to make her unavailable and, consequently, ineligible for benefits." The Commissioner, however, ruled ". . . .that the appellant is ready, willing and able to work; that she is available for work; and that, in consequence, she is entitled to Unemployment Compensation benefits."

Plaintiff has admittedly met all of the conditions required by the Act (Supp. [1939] §1339e) to enable her to qualify for benefits save possibly that one of them invoked by the Administrator in this proceeding (§1339e, *supra*, [2]) which demands that the claimant be ". . . .available for work." This presents the question whether in order that an individual otherwise qualified to be paid benefits under the Unemploy-

ment Compensation Act, to enforce his right to them, must be willing to accept employment at any hours of the day or whether for reasons of personal convenience he may refuse employment offered him without forfeiting his right to the benefit payments for which the Act provides, because the same does not fit into his personal circumstances even though he be physically and mentally fit to perform it and it is such as is reasonably adapted to his abilities and experience.

The full statement of the requirement in which the language in question here occurs is that "....he is physically and mentally able to work and is available for work." The Act nowhere defines what is meant by the phrase "available for work" as it is employed in this context. Its significance must hence be found in the broad purposes of the legislation and the objectives at which it aims. Without applying the micro-scope to its every provision it is easy to discern that the end sought in this enactment was to cushion the impact caused by unemployment upon persons whose means of livelihood are thereby lost or menaced—to alleviate the lot of a large class of economic casualties—by providing an income for them during the periods described in the Act pending acquisition of other work.

Eligibility to participate in such benefits is made dependent upon compliance with the provisions of section 1339e of the 1939 Supplement to the General Statutes. A correlative duty is imposed by §1339e(b) as a condition precedent too the con-tinuance of the payments when a claimant has qualified and been found initially eligible. Important among these are those "to apply for available, suitable work when directed so to do by the public employment bureau or the administrator" and "to accept suitable work when offered him by the public em-ployment bureau or by an employer, including an employer not subject to this chapter, or to engage in self-employment when directed so to do by the administrator." The perform-ance of these duties is made subject to the condition that the employment available be not unsuitable in any of the respects detailed in §1339e(b) *supra,* all of which latter relate to con-ditions of employment or economic factors. When none of such conditions is present, the obligation to accept available employment is absolute on the part of the beneficiary. As the finding is destitute of reference to the existence of any of such conditions in the present instance, they need not be

recited here. Suffice it to say that among them is none which describes an offered or available employment as unsuitable because of the hours of the day or night when it is required that work be performed, and none which excuses an actual or potential recipient of the benefits of the Act from a willingness to accept employment because of the difficulty of personal adjustment to the hours thereof or the inconvenience to such person or his family. Whether if the legislation contained provisions permitting refusal of employment calling for work during hours other than the usual daylight period under normal conditions, provision for such an election would be valid, is, of course, not within the purview of the issues here. The Legislature has seen fit to include no such condition and the court is without power to write it in under the guise of judicial construction.

However, that may be, the fact cannot be overlooked that the legislation is social in character and the attainment of its objectives is made possible only by the imposition of a tax upon the payrolls of all employers within its field of operation, which becomes a cost of operation of every business, enterprise or industry so affected. No question is raised as concerns the validity of the Act as a valid exercise of the police power, but if the monies so raised by such taxation were to be made expendable to persons out of employment who might refuse to accept employment for no cause related to the reasonable suitability of it, but for other reasons wholly personal or appertaining only to their convenience, it would be obvious that the proceeds of such taxation would be spent to the extent that this were permitted, for purposes having no attachment to unemployment resulting from economic forces or related to any legitimate public concern. Legislation of that character would certainly be of very doubtful validity.

The conclusion is that the plaintiff is not "available for work" within the meaning of the Act. Accordingly, the appeal is sustained.