## ANNA L. SCHAFFNIT
### *vs.*
## CORNELIUS J. DANAHER, ADMR.

Superior Court        New Haven County        File No. 65096

MEMORANDUM FILED AUGUST 7, 1944.

*Harry Silverstone, Assistant Attorney General,* of Hartford, for the Defendant.

MURPHY, J.   This is an appeal by the Administrator of the Unemployment Compensation Act from a finding of the

Commissioner for the Third Congressional District awarding compensation to Anna L. Schaffnit of New Haven.

Briefly the facts are: Mrs. Schaffnit is a married woman who had been employed on the 11:00 p. m. to 7:00 a. m. shift at The Winchester Repeating Arms Co., in New Haven, for some time. On February 21, 1944, she was laid off for lack of work on that shift. She has endeavored to find employment herself and has registered at the employment service but because of domestic responsibilities has refused to consider work on any shift other than the one on which she had been employed.

From her layoff to April 2, 1944, neither her own efforts nor those of the U. S. Employment Service were successful in finding employment between those hours for her.

The Administrator denied her claim for unemployment compensation benefits which she filed as of April 2, 1944, the commencement of a new benefit year, because of the restriction which she imposed upon her availability for work. The Commissioner reversed this decision, holding that the restriction on her availability did not affect her eligibility for benefits. The Administrator has appealed to this court.

Though it does not appear whether she filed any claims and received any benefits for the period between her layoff and the beginning of the new benefit yar, it is a fair inference, however, from the facts and the claims of law urged by the Administrator, hereinafter referred to, that she did file claims and did receive benefits for the period between her layoff on February 21, 1944, and April 1, 1944, while the United States Employment Service was attempting to find work for her on her chosen shift.

The question for decision is whether the claimant is "available for work" within the meaning of the Unemployment Compensation Act, when, after five weeks of unemployment during which she is unable to find work on the same shift as she had previously worked, she continues to restrict herself to that shift because of domestic responsibilities.

The Administrator claims that this case is controlled by the decision of this court in the case of *Dinovellis vs. Danaher, Admr.*, 12 Conn. Sup. 122. The Commissioner, on the other hand, has justified his action by relying on the authority of a later decision of this court, in the case of *Carani vs. Danaher,*

*Admr.,* not reported, Superior Court, Hartford County, Docket No. 69595. But even if the principles laid down in the *Carani* case were regarded as determinative of this case, it does not appear from the finding or the evidence in this case that there was a market for plaintiff's services on her chosen shift. On the contrary, it would appear from her inability to find such work even as late as the date of the hearing before the Commissioner, that there was no such market. Nevertheless, in view of the apparent irreconcilability of these two cases, the fact that there is no reference in the *Carani* decision to the *Dinovellis* case and the fact that the plaintiff is not represented in this court, it is desirable to reexamine the legal principles involved in the light of the social objectives of the Unemployment Compensation Act.

The Unemployment Compensation Act provides, as a condition of eligibility that an unemployed person be "available for work." [Sup. (1939) §1339e (a) (2) ]. The kind of work for which he should be available or the extent of the required availability is not precisely enumerated. The Act, however, does impose an obligation upon the person seeking benefits, as a condition precedent to his right to receive benefits, that he "apply for available, suitable work" and "to accept suitable work." [§1339e 3 (b) (1).] Failing to perform this obligation, he is ineligible for benefits for a limited period—during the week in which the failure occurred, and the next four following weeks—the period during which his unemployment is regarded as not involuntary. It is obvious, therefore, that the statutory requirement is that he be available for all suitable work.

The plaintiff in this case is available for work but she has restricted her availability as to time. She is ready and willing to work only between the hours of 11:00 p. m. and 7:00 a. m., the hours during which, it may be noted, she would have been prohibited by the State labor laws from working except for the permission granted by the Governor under his emergency wartime powers. Is she available for all suitable work?

The tests to be applied in determining suitability of work are not left to speculation. The Act provides that in determining suitability, consideration be given by the Administrator to (1) the degree of risk involved to the person's health, safety and morals, (2) his physical fitness and prior training and experience, (3) his length of unemployment, (4) his prospects for

securing local work in this customary occupation, and (5)'the distance of the available work from his residence. [§1339e (b) (1).]

The plaintiff's restriction is not based upon nor can it be claimed that work during the normal working hours is unsuitable for her when consideration is given to factors (1), (2), and (5). It remains to consider whether factors (3) and (4) render the unacceptable hours of employment unsuitable.

The Administrator makes the following claim: work on a shift other than that upon which she has been employed may be unsuitable work for her when offered to a married woman immediately after her separation from work. That would be so when she has domestic responsibilities and the arrangement of her affairs has been accommodated to that shift. This is because she may still be able to find work on the same shift or she should at least have an opportunity to rearrange her affairs. But after a lapse of time during which she has remained unemployed because there is no work on that shift, the situation has changed. What has been unsuitable is no longer so but has become suitable because consideration has been given to the length of unemployment and the prospect of securing work during her customary working hours. What is that length of time? The Administrator, as Commissioner of Labor, is charged with knowledge of the conditions in the labor market which, of course, change from time to time. Out of this knowledge and experience, he has determined that under present conditions, a period of four or five weeks is an adequate length of time. Unless the court finds that such determination is arbitrary and unreasonable, the determination should be affirmed.

The Administrator therefore claims that the plaintiff is not "available for work" within the meaning of the Unemployment Compensation Act, when, after five weeks of unemployment during which she is unable to find any work on the same shift on which she had previously worked, she continues to restrict herself to that shift because of domestic responsibilities.

This claim does not run counter to the social objectives of the Act. The social objectives of the Act are met when a wage earner is provided with a cushion of security between jobs. The plaintiff in this case is not a wage earner in the ordinary sense of the word. She is a housewife, living with

her husband. She entered the labor market only because there happened to be work under abnormal conditions during the hours which suited her. Answering the plea for women workers during any convenient hours of the day or night, her primary objective must have been the satisfaction of participating in the production of munitions of war, vital to the security of her soldier son. Neither is she between jobs. The emergency which prompted her patriotic sacrifice during the hours normally devoted to sleep, having relaxed, there is no job for her and her working days are over unless she is willing to rearrange her domestic affairs and this she is either unwilling or unable to do. Her excursion into the labor market was a detour. She is not within the class of persons for whom the Legislature has expressed its solicitude—her continued unemployment is not due to lack of job opportunities but rather to her inability conveniently to accept such work as reasonably may be expected in the normal labor market.

The Commissioner points out that the British decisions allow a claimant for benefits to select her hours of employment. It is a sufficient answer to say that the British unemployment compensation law requires contributions by the employees to the fund out of which benefits are paid, while the Connecticut Act does not require such contributions. When a person directly pays a part of the cost for unemployment insurance, he has a right to expect greater returns. Under the Connecticut Act, the direct charge is against industry alone and the ultimate charge against society in general. The payment of benefits to persons whose unemployment is not due to lack of job opportunities but rather to inability to conveniently accept such job opportunities as reasonably may be expected in the normal labor market would raise the question of validity suggested in the *Dinovellis* case.

The Commissioner further points out that the denial of benefits to this plaintiff would be analogous to the denial of benefits to persons in a one industry town when that industry has shut down and no jobs are available. This is erroneous. The question always is the availability of jobs. Benefit payments are made *only* when *no* job opportunity for the person is available. If a person has "exposed himself unequivocally to the labor market" he is available for work and eligible to receive benefits, even though there be no work available to him. *Mishaw vs. Fairfield News,* 12 Conn. Sup. 318, 321. The plaintiff in

this case has not exposed herself unequivocally to the labor market; she has restricted herself to only a part of the labor market, that part which suits her convenience.

The appeal is sustained.