## PETER F. WASKIEWICZ v. JOHN J. EGAN, ADMINISTRATOR

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 79853

Memorandum filed November 7, 1947.

*Peter F. Waskiewicz,* pro se.

*William L. Hadden* and *Harry Silverstone,* of Hartford, for Unemployment Compensation Commissioner.

KING, J. Subsection (a) of section 1339e of the 1939 Cumulative Supplement to the General Statutes, as amended, provides that "An unemployed individual shall be eligible to receive benefits with respect to any week only if it shall be found that" he has met certain conditions set forth in subdivision (1) of subsection (a), aforesaid. The wording clearly shows that

these conditions (termed "Qualifications") are conditions precedent to eligibility to receive benefits. As such, the burden of proving facts showing that the claimant has satisfied these conditions precedent is on him. *Stella* v. *Downyflake Restaurant*, 126 Conn. 441, 442; *Reger* v. *Administrator*, 132 Conn. 647, 650. Such is the analagous rule in cases arising under the Workmen's Compensation Act. *Lyons* v. *Fox New England Theatres, Inc.*, 112 Conn. 691, 692; *Herbst* v. *Hat Corp. of America*, 130 Conn. 1, 4, 6.

On the other hand subsection (b) of the same section sets forth certain facts (termed "Disqualifications") which, if found, will defeat the right to benefits. These are manifestly conditions subsequent, the burden of proof of which is on the administrator. *Wyka* v. *Colt's Patent Fire Arms Mfg. Co.*, 129 Conn. 71, 75.

Many of the apparent difficulties involved in the review of a decision of a commissioner under the Unemployment Compensation Act fall away if the fundamental question of the burden of proof is clearly kept in mind at all times, and if an adverse decision of the commissioner clearly indicates the essential facts on which the claimant failed in his burden of proof.

In the present case the commissioner seems to have decided that the claimant was not "available for work" because he was dilatory in applying for jobs to which he had been referred and because it appeared that he was in a favorable labor market where any fair exposure would, in view of his qualifications and aptitudes, have led to his becoming employed. But the commissioner nowhere directly found these facts nor that for these or any other reasons the claimant had not sustained his burden of proving that he was available for work.

There are no ultimate or subordinate facts showing either that the claimant did, or did not, prove that he exerted due diligence in seeking jobs or that he properly exposed himself to the labor market. *Reger* v. *Administrator*, supra, 650. The decision itself contains no statement as to whether the claimant did or did not prove subordinate facts relevant to the conclusion that he was not available for work, or what such subordinate facts were.

While it is technically correct that no subordinate facts were here found which are inconsistent with the conclusion denying benefits, the decision does not indicate what test or rule the com-

missioner applied. Had the commissioner stated in his decision that the claimant failed to sustain his burden of proof of enumerated essential facts, the decision might well have been impregnable, for it would then have been clear what essential facts the commissioner was requiring the claimant to prove.

But under the liberal rule applied in these proceedings, as well as in the analagous proceedings under the Workmen's Compensation Act, if such an omission in the decision leaves it impossible to determine whether or not the commissioner applied the correct tests in reaching his decision, a remand is necessary. *Herbst* v. *Hat Corp. of America,* supra, 4, 8.

Furthermore it is not clear what, if any, ultimate facts were found or whether they were supported by, and consistent with, the subordinate facts. *Civitello* v. *Conn. Savings Bank,* 128 Conn. 621, 625.

The case should be remanded to the commissioner for the amplification and clarification of the decision and finding, together with the right in the commissioner, in his discretion, to receive any further testimony or other evidence, and the further right in the commissioner to modify or change the award in the light of the amplification and clarification of the decision and finding of facts, if he feels he should do so—all in accordance with the procedure outlined in *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 36.

Judgment may enter sustaining the appeal and remanding the case to the commissioner for further proceedings in conformity with this opinion.