JOHN J. McMORROW v. JOHN J. EGAN,
ADMINISTRATOR, UNEMPLOYMENT ACT, ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 72778

Memorandum filed August 10, 1949

*Norman Zolot*, of New Haven, for the Plaintiff.

*William L. Hadden*, Attorney General, and *Harry Silverstone*, Assistant Attorney General, of Hartford, for the Defendants.

KING, J. The facts, with the corrections of the finding made by the commissioner, will be briefly summarized. The claimant had worked as an insulator operator for the Rockbestos Products Corporation (hereinafter referred to as Rockbestos) at $1.22 an hour from September 1, 1948, until he was laid off for lack of work on February 18, 1949. He registered with the Connecticut state employment service department and filed a claim for unemployment benefits with the unemployment compensation department. General Statutes § 7509.

Apparently on his own initiative, on March 8, 1949, he obtained a job with the Yale dining hall (hereinafter referred to as Yale) as a kitchen helper at 80 cents an hour. He took

this job temporarily, pending recall by Rockbestos, and held it for about eleven days until he was notified by Rockbestos that work was again available and immediately returned there on March 21. Four days later, on March 25, Rockbestos again laid him off for lack of work. This time he was refused unemployment benefits until April 23, 1949, on the ground that he had left Yale without sufficient cause connected with his employment under General Statutes § 7508 (2) (a).

The claimant left his work at Yale because he wanted to go back to Rockbestos. This he desired to do because it was a much better job (apparently about 42 cents an hour better). Substantially the same situation could arise in about any case where a claimant left a suitable job for a better one and was laid off on the new job within the disqualification period.

The commissioner found that the administrator had sustained the burden imposed upon him (*Waskiewicz* v. *Egan,* 15 Conn. Sup. 286) of proving that within the week the claimant had left his employment without sufficient cause connected with that employment under § 7508 (2) (a). As to the Yale job this was correct. As to the second layoff at Rockbestos it would not be correct. But since both occurred within the same week, the claimant is disqualified from receiving benefits for that week and for the four following weeks.

The claimant asks that the statute be construed as though it read "last employment". The statute does not use the term "last employment" and such a change cannot be read into it. *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438. Only because the layoff at Rockbestos occurred in the same week in which the claimant left Yale did he lose his benefits for the entire disqualification period extending through the four following weeks. Had the Rockbestos layoff occurred in a later week, even though within the disqualification period arising from the leaving of the Yale job, the loss of benefits would have been limited to the then-unexpired portion of that disqualification period.

A simple amendment using the words "last" or "most recent" employment (see General Statutes, § 7498 (c), first line of page 2760, where this, in effect, was done) in place of the present wording of § 7508 (2) (a), could be made by the General Assembly, if it is desired to change the result here reached now that the point has arisen. In a number of states such legislation exists.

If this were all there were to the appeal, it could be dismissed and the award affirmed. But the claimant in his trial brief makes what amount to two further claims, with each of which the administrator in his trial brief asserts he is in agreement. Either of these, if sustained, would require a reversal of the award and the allowance of benefits to the claimant. The administrator himself raises still another ground on which he claims benefits should have been allowed the claimant.

The claimant insists that even if the so-called "last employer" interpretation of § 7508 (2) (a) is rejected, the Yale job was not suitable employment under § 7508 (1) and (1) (b), and that consequently it was not a job which the administrator could have compelled him to accept, and in turn his voluntary acceptance of it should not prejudice his rights, since otherwise the administrator is permitted to do indirectly what he could not do directly. In support of this claim he asks that the commissioner correct the finding to include a finding that the Yale job was not suitable employment. This correction was refused and forms a further ground of this appeal.

As previously noted, the administrator, in a trial brief dated July 18, 1949, agrees with the claimant's assertion in his trial brief that had he been offered the Yale job by the administrator he could not have been disqualified from benefits for refusing the same under § 7508. Neither the administrator nor the claimant gives any reason for this assertion. The sole authority cited by the claimant in support of his position on this point is § 7508. Apparently both parties assume that the reason is that the Yale job was not suitable employment for this claimant under some uncited provision of § 7508.

While the Yale job differed from, and was perhaps simpler to perform than, the claimant's Rockbestos job, it does not appear that the claimant was not reasonably fitted for it, nor that it involved any mental or physical labor which taxed the claimant's powers. There is nothing even remotely to suggest that it was detrimental to the claimant's health, safety or morals. Indeed nothing in § 7508 is pointed out by either side as being legally, or otherwise, inconsistent with the commissioner's refusal to find that the Yale job was not suitable. *Schaffnit* v. *Danaher,* 13 Conn. Sup. 101, 103.

The burden of proof was on the administrator, and the refusal of the commissioner to find that the Yale job was not suitable was an ultimate conclusion. The subordinate facts,

as to which no changes either of addition or deletion are sought, are extremely meager. It is a close question whether they are sufficient to support the finding of suitability in view of the burden of proof. *Civitello* v. *Connecticut Savings Bank*, 128 Conn. 621, 625.

At the rehearing, both parties should clearly claim the grounds on which they base their claim of unsuitability. The commissioner would then no doubt find such subordinate facts as bear upon that claim. If the ultimate finding of suitability is to stand, in view of the burden of proof, subordinate facts should be found negating any provisos of the statute which the parties rely upon.

The claimant, joined by the administrator, makes the further contention that he was in the position of one partially unemployed, and that if his earnings (plus $3) exceeded his benefit rate for total unemployment and the employment was not of a regular nature, he should receive no benefits and that such procedure should have been followed here until the plaintiff was again unemployed. This apparently is true under § 7502, but it appears in the finding that the claimant neither asked for, nor received, benefits during his period of employment at Yale. There is much to be said for this claim, although neither party has pointed to anything in the act which restricts the test of suitability to "regular employment".

The administrator, alone, makes the further argument against himself and in favor of the claimant that under § 7508 (2) (a) the disqualification depends upon the claimant's having left work without sufficient cause connected with his employment; that this is not confined to his last employment; that even if he did leave the Yale job (last employment) without sufficient cause connected with that (the Yale) job, he left it for sufficient cause connected with his regular (Rockbestos) employment in that that was a better paid job which any sensible person would prefer to have.

The fundamental difficulty here is that the administrator disallowed the claimant's claim under some unknown theory, apparently took the same stand before the commissioner and succeeded in securing an affirmance of the original disallowance. Now on appeal to the Superior Court the administrator has reversed his attitude except on the "last employment" interpretation and argues, in effect, that the appeal should be allowed, the award vacated and benefits awarded.

It is the right and duty of the administrator, if a mistake has been made, to attempt to correct it. And this is so even though the error is discovered late. On the other hand it is not proper procedure to take one stand before the commissioner and then another on the appeal. Orderly procedure requires that the commissioner be asked to rule upon all claims of fact or law and that they should be clearly raised before him. It does not appear that either side followed such a procedure. Indeed the two reasons of appeal give no real information as to the actual points raised in this court. The administrator, as soon as he became convinced that he had improperly disallowed the claim, should have acted. If, as here appears, that knowledge first came after the award of the commissioner, the administrator should have immediately asked for a rehearing and consequent opportunity clearly to raise before the commissioner the claims made here. Had the commissioner realized that these claims were to be made, he might, in view of the burden of proof, have asked for further evidence, and certainly there would have been a more detailed finding of subordinate facts and a fuller memorandum of decision discussing each claim in order. Indeed the award might have been in favor of the claimant.

The court is left without any real controversy before it. Both parties want benefits allowed and are striving toward that end.

The only practical solution is to remand the matter to the commissioner for a rehearing at which the administrator and the claimant will have an opportunity to present any further evidence needed, and to raise (and the commissioner to pass upon) the precise claims which both parties are now making, apparently for the first time, in this court.

The appeal is sustained and the award vacated, for further proceedings in conformity with this opinion.