ANNA J. SAMOILA v.
UNEMPLOYMENT COMPENSATION ADMINISTRATOR

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 85041

Memorandum filed October 25, 1949.

Plaintiff, Pro se.

*William L. Hadden,* Attorney General, and *Harry Silverstone,* Assistant Attorney General, of Hartford, for the Defendant.

CORNELL, J.  This is an appeal from the finding and decision of the unemployment commissioner of the first congressional district, who denied unemployment compensation benefits, under the provisions of chapter 374 of General Statutes, to the plaintiff.  The basis of the decision was that she was not eligible for such benefits because she did not hold herself "available for work" within the meaning of § 7507 (2).  This conclusion is predicated upon the finding that in registering for unemployment relief plaintiff placed such restrictions upon her willingness to accept employment that she thereby made herself unavailable.  The court is unable to extract such a conclusion from the facts found.  These, in essence, are that plaintiff had been employed as a waitress in a restaurant or lunch room at Bridgeport where, when she first worked there, her hours were from 10 a. m. to 6 p. m. but, at the time she was separated from that job, were from 10 a. m. to 4 p. m.  These latter hours were very convenient to plaintiff because they enabled her to prepare supper for her fourteen-year-old son after he came home from school and also for her husband upon his return from his daily work at New York City.

The pregnant fact in this connection is that "While registering for work in Long Island she sought employment between the hours of ten A. M. and four P. M."  Nothing in this is indicative of any exclusion on plaintiff's part of any certain class of employment or at any particular hours only, nor is there any

history of a failure on her part, when directed so to do, to accept any work for which she was suitable, offered her. Indeed there is neither any exclusion of such employment made by the plaintiff when registering nor any detail that any such work was made available to her and refused by her for any hours whatever. The mere fact that she "sought" employment at hours most convenient to her is not incompatible with her acceptance of work at any other hours. Her preference to work at certain hours was not a negation of her willingness to work at any others had they been offered to her.

The transcript of the evidence confirms this construction of the finding. From this it appears that in one place where she tried to obtain employment, but where none was available, the shift was from 10 a. m. to 7 p. m. The testimony is that, if a place for her could have been made there, she probably would have accepted it notwithstanding that her predilection was for the hours of 10 a. m. to 4 p. m. The reference to the more acceptable hours was again emphasized as a preference only, in answer to a query from the commissioner, to the effect that if she were offered "full hours" she would be reluctant to take such employment "unless I really have to" and would "rather not," but without a definite denial of her willingness to do so if that were the only alternative. Although she stated that she would not work in the Times, Grand Central area either from 10 a. m. to 7 p. m., or even until 4 p. m., she was never offered any position in that area. Paraphrasing an expression in *Stella v. Downyflake Restaurant*, 126 Conn. 441, 445, it does not appear that plaintiff was either offered or refused employment as a waitress or otherwise which the administrator deemed suitable. Without this it cannot be found that plaintiff was ineligible for the benefits provided by the Unemployment Compensation Act within the meaning of § 7507 (2) as not "available for work." The situation here is distinguished from that presented in *Dinovellis v. Danaher*, 12 Conn. Sup. 122, 123, in that the claimant in the latter case had "refused to accept a referral . . . to a job" between certain hours which she deemed unacceptable.

The appeal is sustained and the cause remanded to the commissioner to be proceeded with according to law.