## HELEN LECLERC v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 85046

Memorandum filed January 3, 1950.

*Helen Leclerc* pro se and *Zeman, Monchun* and *Cooper*, of Hartford, for the Plaintiff.

*William L. Hadden*, Attorney General, and *Harry Silverstone*, Assistant Attorney General, of Hartford, for the Defendant.

INGLIS, J. This is an appeal from the award of the unemployment commissioner for the first district which denied unemployment compensation to the plaintiff.

The commissioner denied the compensation on the ground that the plaintiff was unavailable for work. He found that she had been employed by the Royal Typewriter Company on the 3:30 p. m. to 12 midnight shift; that she was a married woman with two children, aged six and four years, respectively, to take care of; that she had no one to take care of them during the daytime; and that for that reason she had so restricted the conditions under which she would accept employment as to render herself unavailable for work.

The plaintiff's claim is that the finding that she was unable to accept employment except at night could not reasonably be arrived at upon the evidence. She relies largely upon the dictum in *Stella* v. *Downyflake Restaurant*, 126 Conn. 441, 444: ". . . it would seem, ineligibility for benefits because of exclusion, by a claimant, of any certain class or kind of employment would arise through failure to apply for, when directed, or accept when offered, work determined by the administrator to be suitable for the individual . . . ." The contention is that inasmuch as the evidence before the commissioner was undisputed that the plaintiff had never, during her period of unemployment, been offered any work of any kind, whether at day or night, and, therefore, never had refused work, the requirements of the dictum have not been met.

It must be borne in mind that this court can disturb a finding of an unemployment commissioner only if it is unreasonable on the evidence which was before him. In this case the commissioner had evidence not only as to the family set-up of the plaintiff, which included the fact that her husband was employed in the daytime and that no one else was available to care

for the children, but also that the plaintiff had told the examiner when she registered for work: "I couldn't work days." She also testified: "I wouldn't have accepted a day job." In the face of such statements made by her, the commissioner might well have felt it would have been futile for the unemployment office to have referred her to a daytime job. Certainly the law does not require the doing of a futile act. The point being made in the *Stella* case is that a mere expression of a preference for one kind of a job does not warrant the conclusion that the claimant would refuse another kind of job if offered. That, however, is quite a different situation from one in which the claimant states positively that she will not accept another kind of job. It is, of course, true that before a claimant can be found unavailable for work on the ground that she will not take work which is suitable she must in some way be put on record as definitely refusing to take such work. It is possible, however, for an announcement of refusal to work to be so positive that the claimant in reason should be taken at her word. That is the situation in this case. The plaintiff's positive pronouncement to the examiner that she would not take a daytime job, followed by her testimony before the commissioner that she would not have taken one if it had been offered, coupled with the testimony as to her family set-up, which provided a reason for her taking that position, was ample justification for the commissioner's finding that she was unavailable for anything except night work.

That finding having been made, the commissioner's conclusion that the plaintiff was unavailable for work so as to exclude her from the benefits of unemployment compensation must stand. *Dinovellis* v. *Danaher*, 12 Conn. Sup. 122.

Judgment may enter denying the appeal and confirming the award of the commissioner.