## HELEN LECLERC *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

BROWN, C. J., JENNINGS, BALDWIN, O'SULLIVAN and COMLEY, Js.

Argued November 7, 1950—decided January 23, 1951

*William S. Zeman,* with whom was *Harry Cooper,* for the appellant (plaintiff).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellee (defendant).

BALDWIN, J.   This is an appeal by the plaintiff from a judgment of the Superior Court dismissing her appeal from an award of the unemployment commissioner

which denied benefits because of her unavailability for work.

The finding is not subject to correction. The facts follow: The plaintiff is a married woman living with her husband and two young children. She had been working as a drill press operator in a factory in Hartford. Her hours of employment were from 3:30 in the afternoon until midnight. On March 2, 1949, she was laid off for lack of work. On March 13 she registered for work. At the same time, she filed claims for unemployment benefits and received them for four weeks. On April 27, the examiner disapproved her claim of April 23 because she had so restricted the conditions under which she would accept employment as to render her unavailable for work and therefore ineligible for benefits. This decision was affirmed by the commissioner. Had she been referred, or had any job been offered, she would not and could not have taken daytime employment because of the necessity of caring for her small children. On June 13 she resumed her former job, working between the hours of 3:30 p. m. and midnight. This recall by her former employer was the only offer of employment or referral which she received during the entire period of filing claims.

Section 7507 of the General Statutes provides that an unemployed person shall be eligible to receive benefits only if it shall be found that "(2) he is physically and mentally able to work and is available for work, provided no person shall be termed available for work unless he has been and is making reasonable efforts to obtain work." To be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market. *Reger* v. *Administrator*, 132 Conn. 647, 651, 46 A. 2d 844; *Mishaw* v. *Fairfield News*, 12 Conn. Sup. 318, 321.

Section 7508 describes suitable employment as that which must "reasonably be expected to yield remuneration at a rate greater than the individual's benefit rate for total unemployment" and as "either employment in his usual employment or other employment for which he is reasonably fitted, . . . provided such employment is within a reasonable distance of his residence or last employment, and in determining whether or not any work . . . is suitable for an individual, the administrator may consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training and experience." It is to be noted that these factors all relate primarily to the employment itself and not to the domestic circumstances, personal wishes or convenience of the claimant. The plaintiff expressly limited her availability for work to the hours between 3:30 p. m. and midnight because of her domestic responsibilities. Whether or not it was essentially material, the fact is that the compensation awarded her for four weeks gave her a period of readjustment during which, if she neither was recalled to her former job nor procured employment for like hours, she had reasonable opportunity, by adjusting her situation, to arrange for daytime employment. This she did not choose to do. She thus refused to expose herself unequivocally to the labor market. She made herself available for work upon a restricted and contingent basis only, subject to the conditions and limitations which she prescribed. The case is not one where some compelling reason, beyond her control, limited her to the hours of work prescribed by her. The act was never intended to guarantee any one a job identical in kind and hours with that which he had previously held. Its purpose and intent was to relieve the hardship of involuntary unemployment caused by the failure of industry to provide stable employment. *Baldas-*

*saris* v. *Egan*, 135 Conn. 695, 698, 68 A. 2d 120; *Waterbury Savings Bank* v. *Danaher*, 128 Conn. 78, 81, 20 A. 2d 455.

The Superior Court has repeatedly ruled that a claimant who limits his availability for work because of personal reasons unrelated to the employment is not entitled to compensation. Among a number of decisions which might be cited are *Schaffnit* v. *Danaher*, 13 Conn. Sup. 101; *Dinovellis* v. *Danaher*, 12 Conn. Sup. 122; but see *Samoila* v. *Unemployment Compensation Administrator*, 16 Conn. Sup. 333. This constitutes a reasonable and sound interpretation of the act and is sustained by decisions in other jurisdictions. *Ford Motor Co.* v. *Unemployment Compensation Commission*, 316 Mich. 468, 474, 25 N. W. 2d 586; *Judson Mills* v. *South Carolina Unemployment Compensation Commission*, 204 S. C. 37, 42, 28 S. E. 2d 535; *Kut* v. *Albers Super Markets, Inc.*, 146 Ohio St. 522, 524, 66 N. E. 2d 643, appeal dismissed, 329 U. S. 669, 67 S. Ct. 86, 91 L. Ed. 590; Altman, Availability for Work, p. 230.

The plaintiff contends that her case falls within the provisions of § 7508 (1) so that until she has been offered and has refused employment she cannot be disqualified for benefits. She cites *Stella* v. *Downyflake Restaurant*, 126 Conn. 441, 11 A. 2d 848, to sustain her point. That case is not authority for the plaintiff's proposition that there must be a referral to employment followed by a refusal before a claimant can be disqualified for benefits. The decision turned upon a question of fact. The court held (p. 444) that the commissioner's conclusion that the plaintiff had restricted her availability for suitable work was not supported by the facts. In the case at bar, the commissioner found that the plaintiff "has been unable to accept any employment other than during the hours

she formerly worked, three thirty p. m. to twelve midnight." This finding is amply supported by the evidence. The plaintiff testified, "I told [the examiner] I couldn't work days. . . . I wouldn't have accepted a day job." She also testified that the only employment she could take was during the hours that she formerly worked. The commissioner was warranted in concluding that a referral to employment for any other hours would have been useless. Tender of a job under the circumstances would have been futile and was not required. *Soldate* v. *McNamara,* 94 Conn. 589, 591, 109 A. 724.

There is no error.

In this opinion the other judges concurred.