ELIZABETH L. LENZ v.
ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 87215

Memorandum filed July 21, 1951.

*William S. Zeman*, of Hartford, for the Plaintiff.

*George C. Conway*, Attorney General and *Harry Silverstone*, Assistant Attorney General, of Hartford, for the Defendant.

KING, J. This is an appeal by the administrator from a decision of the unemployment compensation commissioner for the first congressional district awarding benefits. No corrections of the finding are sought.

The plaintiff had for more than three years prior to July 22, 1949, been employed as a power press operator at the Royal Typewriter Company, Inc. During the first half of that period she had worked on the third (midnight to 7 a. m.) shift and during the latter half on the second (3:30 p. m. to midnight) shift. For some reason not disclosed her employment terminated on the above-mentioned date.

On February 12, 1950, she "registered for work and filed a new claim for unemployment compensation benefits accredited as of February 12, 1950." Apparently no claim was made for benefits prior to February 12, 1950.

While paragraph 1 of the finding is somewhat ambiguous, the plaintiff's trial brief makes it clear that the birth of the younger child occurred two months prior to the claim for benefits, which would establish the date of the birth as December 12, 1949. The claim for benefits was thus made as soon after the birth as was possible under General Statutes, § 7508 (5).

The commissioner found (paragraph 5 of finding and award) that from February 12, 1950, until March 27, 1950, "the claimant, because of home responsibilities, has been unable to accept other than second or third shift employment." On March 27, 1950, she accepted first shift employment at the Royal Typewriter Company, Inc., where she is still so employed.

The plaintiff had restricted herself to work on the second or third shift during the period from February 12, 1950, until March 27, 1950. "Home responsibilities," and not reasons related to the employment, caused the plaintiff to limit her availability for work to two out of the three shifts in the normal employment field open to her. It follows that the plaintiff had not sustained the burden of proving that she was "available for work" under the general rule of § 7507 (2) and Leclerc v. Administrator, 137 Conn. 438, 439.

Plaintiff relies upon what may be termed a "practical exception" to the foregoing general rule which she claims the administrator has engrafted upon it. According to the commissioner's memorandum of decision, the administrator has been accustomed (at least prior to the decision in the Leclerc case) to allow a person, for a reasonable length of time, to restrict himself to the type of work he formerly did or to restrict himself to the hours of work he formerly worked, before disqualifying such person from receiving unemployment compensation benefits. It is her

claim, and this was accepted by the commissioner, that she was entitled to such a reasonable length of time in which to adjust herself to employment on another shift, that during such length of time she might refuse employment on any shift other than the one on which she had last worked, that this so-called "adjustment period" began whenever she chose to file her claim for benefits (here February 12, 1950) and that the time here allowed (February 12 to March 27, 1950) was reasonable.

The administrator claims that, even if any such practice or rule has grown up, it has been applied only when a claim is filed substantially immediately after separation from work and when under the particular facts of a given case an adjustment period of a particular duration has seemed reasonably necessary.

Here the plaintiff ceased work July 22, 1949. For about seven months she was out of the labor market. Of this period the last four months (October 12, 1949, through February 11, 1950) were months in which the plaintiff was not available for work as matter of law under § 7508 (5).

Assuming, without deciding, that the administrator could properly find that the period of about six weeks would have been a reasonable time to allow for making a transition from one shift to another had the claim for benefits immediately followed separation from work, and further assuming, without deciding, that he was legally empowered to make any such rule, there still remains the question whether there is any justification for applying such a rule in this case where the separation occurred some seven months prior to the application for benefits.

The burden of proving that the plaintiff was available for work under § 7507 (2) was on the plaintiff. She was available for work only on second or third shift, this restriction was self-imposed and was caused by "home responsibilities." Quite naturally counsel assumed these "home responsibilities" revolved around the care of the younger child. Be this as it may, it is clear that "home responsibilities" relate solely to "domestic circumstances, personal wishes or convenience of the claimant" and constitute reasons entirely disconnected from any attribute of the employment, as such. *Leclerc* v. *Administrator, supra,* 440.

While it appears (p. 440) in the opinion in the *Leclerc* case that a four weeks' adjustment period had there been given, there is nothing in the opinion to indicate approval or disapproval of this nor was the point raised. *Samoila* v. *Administra-*

*tor,* 16 Conn. Sup. 333, is not in point since the finding indicated no refusal to work on any shift but only the expression of a preference for work on a particular shift. This is very clear since otherwise the decision in the *Samoila* case would have been inconsistent with the prior decision by the same judge in *Dinovellis* v. *Administrator,* 12 Conn. Sup. 122. In *Schaffnit* v. *Administrator,* 13 Conn. Sup. 101, the plaintiff had already been given a five weeks' adjustment period but continued to refuse employment except on the same shift on which she had previously worked because of "domestic responsibilities." All the court was called upon to decide, and all that it did decide, was that the plaintiff had not sustained the burden of proving that she was "available for work," under § 7507 (2), after the expiration of a five weeks' adjustment period. Whether such an adjustment period could or should have been allowed at all was not involved and was, of course, not passed upon.

Here the situation is somewhat complicated because technically the commissioner made no ultimate factual conclusion, as such, that the plaintiff had proven that she was "available for work." However, counsel have so treated the decision, were obviously correct in so doing, and in the interests of economy of judicial procedure the court will treat the case as treated by the parties. *Anselmo* v. *Cox,* 135 Conn. 78, 79.

A finding that this plaintiff was available for work from February 12 to March 27 is not only wholly without support in the subordinate facts but is directly contrary to them. Plaintiff had not exposed herself unequivocally to the labor market. She had refused so to do. That her reason for so doing may (or may not) have been a good one is immaterial since it was based solely on "home responsibilities." If any such exception as was accorded here is to be engrafted on our act it must be done by the General Assembly. It cannot be done either by the courts or by the unemployment commissioners.

It may be noted in passing that there is no more injustice to this plaintiff in this holding than in the legislation precluding her, as matter of law, from being found available for work during any part of the two months' period before or after childbirth (§ 7508 [5]) or in that precluding her in like manner during a period when she was not "physically and mentally able to work" even though because of disease, or noncompensable injury, suffered through no fault of her own (§ 7507[2]).

It may also be noted that the court is not called upon to hold that circumstances could not arise where, under the facts of a particular case, a so-called "adjustment period" of some duration could be allowed. But at least the plaintiff would have to prove such facts and they would have to appear in the finding. Here there is no suggestion or claim that any such facts existed or were for any reason omitted from the finding, so that the plaintiff would not be benefited by a remand for further evidence or for amplification of the finding. *Waskiewicz* v. *Administrator*, 15 Conn. Sup. 286, 287.

The holding here is limited to the facts of this appeal. Upon them, it cannot be found that the plaintiff has sustained the burden cast upon her of proving her availability for work during this period in which she restricted herself to second and third shift work solely because of "home responsibilities."

The appeal is sustained and the award vacated.