HAROLD D. PUTER *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 119685

Memorandum filed April 1, 1960

*Charles N. Crockett,* of Manchester, for the appellant.

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

SHAPIRO, J. This is an appeal from a decision of the unemployment commissioner which denied benefits because of the plaintiff's unavailability for work. The question before the court is whether there was error in so holding.

The plaintiff commenced working for the state of Connecticut in 1933 and so continued through June 11, 1959, but was paid his salary to July 8, 1959, owing to accrued vacation. As of July 8, 1959, at age sixty-six, he voluntarily retired from employment with the state in order to take advantage of his pension rights. Under the provisions of General Statutes § 5-105, he could have continued in employment until he reached the age of seventy. Under § 5-137 of the General Statutes, he might have been re-employed for an added period not to exceed two years. On August 16, 1959, he registered for work in the Manchester employment service and filed a claim for unemployment compensation benefits.

In his finding, the commissioner states that since the plaintiff filed his claim, he has not been willing to work for the state although he is mentally and physically capable of performing work for it; and further, that the reason for his not being willing to work for the state is that he would not receive his pension or retirement pay while so employed by the state of Connecticut, which is so provided in § 5-107 of the General Statutes.

On the basis of the foregoing facts, the commissioner concluded that the plaintiff resigned in order to collect his pension; that while he made himself available for work in general, he refused to consider working for the state of Connecticut despite the fact that he was physically, mentally and otherwise able to do so; and that by refusing to consider state employment, he severely limited his participation in the labor market, this being particularly true in the light of his age, which constitutes a great barrier in getting employment in the general labor field; and accordingly, he was not available for work within the meaning of the Unemployment Compensation Act.

Section 31-235 of the General Statutes reads in part as follows: "An unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that (1) he has made claim for benefits . . . and has registered for work at the public employment bureau . . . ; (2) he is physically and mentally able to work and is available for work . . . ." To be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. *Leclerc* v. *Administrator,* 137 Conn. 438, 439; *Reger* v. *Administrator,* 132 Conn. 647, 651; *Mishaw* v. *Fairfield News,* 12 Conn. Sup. 318, 321. "She . . . refused to expose herself unequivocally to the labor market. She made herself available for work upon a restricted and contingent basis only . . . . The case is not one where some compelling reason, beyond her control, limited her to the hours of work prescribed by her. . . . Its [the act's] purpose and intent was to relieve the hardship of involuntary unemployment caused by the failure of industry to provide stable employment." *Leclerc* v. *Administrator,* supra, 440; *Baldassaris* v. *Egan,* 135 Conn. 695, 698; *Waterbury Savings Bank* v. *Danaher,* 128 Conn.

78, 81. In the *Leclerc* case, supra, it is further stated that "[t]he Superior Court has repeatedly ruled that a claimant who limits his availability for work because of personal reasons unrelated to the employment is not entitled to compensation." *Leclerc* v. *Administrator*, supra, 441, and cases cited.

The attack made on the finding is unwarranted. The finding is not subject to correction. There was ample testimony before the commissioner to warrant his finding.

In conclusion, it is apparent that the plaintiff is not ready and willing, although able, to work for the state of Connecticut, and therefore is not available for suitable work for the state. He has made it apparent that he is not available for such work because the law does not permit him to collect at the same time both retirement benefits and a salary. It is clear that he must choose between his retirement benefits and a salary, and he has chosen the former. He is not exposing himself unequivocally to the labor market. He has made himself available only upon a restricted basis and thereby has limited his availability for work because of personal reasons unrelated to employment.

The commissioner was clearly warranted in his conclusions. Accordingly, the decision of the commissioner is affirmed and the appeal is dismissed.