# Russell Northup *v.* Administrator, Unemployment Compensation Act, et al.

Baldwin, C. J., King, Murphy, Shea and Alcorn, Js.

Argued April 6—decided June 20, 1961

*John D. Fassett,* with whom, on the brief, were *Frank E. Callahan* and *Robert F. Cavanagh,* for the appellant (defendant Sargent and Company).

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (named defendant).

ALCORN, J.  The employer has appealed from a Superior Court judgment affirming the unemployment commissioner's action in sustaining the administrator's allowance of unemployment benefits to the plaintiff.

The facts are not disputed. The plaintiff is twenty-one years old and unmarried. He attends the Culinary Institute in New Haven from 8 a.m. to 2:40 p.m. From September, 1959, until February 10, 1960, he worked on the second shift, from 3:30 p.m. to 11:30 p.m., for Sargent and Company, the employer. On February 10, 1960, he was laid off the second shift owing to lack of work but was offered work on the first shift. He refused this work on the ground that his attendance at the Culinary Institute prevented his accepting any but second-shift work. There was work available in the area on the second shift. The plaintiff, however, initiated a series of claims for unemployment benefits as of February 14, 1960.

The commissioner found that it is the policy of the administrator to allow an adjustment period of six weeks in which to find suitable work during the same hours as those of the prior employment, in cases where an employee is laid off for lack of work on one shift but is offered employment on another

shift. The commissioner further found that the plaintiff's refusal to accept work on the first shift was justifiable and that under all the circumstances the work was not suitable. Because the plaintiff was laid off for lack of work and his refusal of first-shift employment was found justified, his claims for benefits were approved.

The administrator disavows the finding as to the existence of a policy of allowing an adjustment period of six weeks in which to find suitable work after a layoff under the circumstances disclosed. He argues that attendance at the Culinary Institute and first-shift employment are mutually exclusive, so that, lacking a reasonable opportunity to find suitable second-shift work, the plaintiff must either abandon his schooling or "suffer the tragic consequences" of unemployment. The administrator's position does not accord with the commissioner's finding. The policy not only is specifically found to exist but, indeed, seems to furnish the chief support for the commissioner's ultimate conclusion. There is no finding that the plaintiff has any need of outside employment while attending the Culinary Institute. There is nothing to indicate that either the circumstances of the plaintiff or the financial demands upon him make employment anything other than a convenient extracurricular activity.

The Unemployment Compensation Act "was designed to ameliorate the tragic consequences of unemployment." *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 82, 20 A.2d 455. One of the requirements for eligibility for benefits is that the unemployed person be "available for work." General Statutes § 31-235 (2). This means that he is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is,

that he is genuinely attached to the labor market. *Reger* v. *Administrator,* 132 Conn. 647, 651, 46 A.2d 844. One "who limits his availability for work because of personal reasons unrelated to the employment is not entitled to compensation." *Leclerc* v. *Administrator,* 137 Conn. 438, 441, 78 A.2d 550.

In the *Leclerc* case, supra, 439, the employee limited her availability for work to the second shift because of her domestic responsibilities. In the present case, the plaintiff limits his availability for work to the second shift because he wishes to attend the Culinary Institute. In the *Leclerc* case, the employee received compensation for four weeks and appealed only when benefits were stopped at the fifth week. We alluded (p. 440) to the obvious refusal of the employee to expose herself unequivocally to the labor market, as demonstrated by her failure to utilize the weeks during which she had received compensation to adjust her situation to permit daytime employment if none was available on the second shift. In the case before us, there is no necessity for the plaintiff to adjust his situation to daytime employment, because other second-shift employment is available. Furthermore, the commissioner's finding would appear to allow this plaintiff a leisurely six weeks, with compensation, in which to decide which one among the available second-shift jobs he wishes to accept. There is no suggestion that the available jobs differ in any respect from the plaintiff's former work. By approving benefits because the plaintiff was laid off for lack of work, and by finding justified his refusal of first-shift employment, the commissioner established the eligibility of the plaintiff to compensation when his availability for work was subject to restrictions and conditions which he himself imposed.

General Statutes § 31-236 (1) provides in part that in determining the suitability of work for an individual the administrator may consider, among other factors, "his length of unemployment." The administrator relies on this portion of the statute to sustain the award in this case. It is argued that consideration of the length of unemployment has a bearing on the suitability of the work, in that the work becomes suitable for the employee only after he has had time to obtain a "compatible job."

The fallacy in the administrator's argument lies in the fact that the provisions of § 31-236 (1) relating to suitability of work and the bearing of length of unemployment on the determination of suitability do not become pertinent unless it is found that the employee is otherwise eligible for benefits. The conditions under which an employee becomes eligible for benefits are not contained in § 31-236 but in § 31-235. It is there that the requirement that the employee be "available for work" is found. Consequently, until it is shown that the employee is "available for work" and that he satisfies the other requirements for eligibility for benefits, considerations of suitability of work, including the length of unemployment, are without significance in the determination of the issue presented. Furthermore, § 31-236 is concerned with conditions under which an otherwise eligible person may render himself ineligible. The question of suitable work arises under § 31-236 when an otherwise eligible employee either fails without cause to apply for available suitable work or fails to accept suitable work. No claim is made that either of those situations exists in the present case. The plaintiff is not in the class of eligible persons under the conditions fixed by § 31-235, because he has limited his availability for

work for a personal reason unrelated to his employment. A collection of cases on the question of availability for work is to be found in *Farrar* v. *Director,* 324 Mass. 45, 49 n., 84 N.E.2d 540. It is pertinent to add that the question of suitability of work, when properly presented, must be examined on the facts of the individual case. What is suitable work "depends upon circumstances and may change with changing circumstances." *Pacific Mills* v. *Director,* 322 Mass. 345, 350, 77 N.E.2d 413. General Statutes § 31-236 (1) does not permit the establishment or application of any arbitrary adjustment period.

It was the plaintiff's burden to prove facts which he claimed entitled him to benefits, and they would have to appear in the finding. The plaintiff did not appear or offer evidence before the commissioner. It is not suggested that any facts other than those disclosed in the record existed or were for any reason not found by the commissioner. Consequently, the plaintiff would not be benefited by a remand for further evidence or for amplification of the finding. See *France* v. *Munson,* 123 Conn. 102, 106, 192 A. 706. The court should have sustained the appeal on the ground that the subordinate facts found by the commissioner were insufficient to support his conclusion and that the conclusion itself was legally unsound in giving effect to a personal reason, unrelated to the employment, in determining the plaintiff's availability for work.

It is unnecessary to discuss the further claim of the employer that the award deprived it of property without due process of law.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the plaintiff is not entitled to compensation.

In this opinion the other judges concurred.