JOHN STELMACH *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT    NEW LONDON COUNTY    FILE NO. 28700

Memorandum filed May 21, 1963

*Gilman, Jacobson, Laudone & Dutton,* of Norwich, for the plaintiff (claimant).

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

HOUSE, J. The plaintiff has appealed from the denial of his application for unemployment compensation benefits. The record discloses that he was employed by the state of Connecticut from 1927 to 1962 and left his employment voluntarily when

he reached the age where he would be eligible for a state pension. His accrued vacation and terminal leave expired on April 1, 1962.

The finding of the commissioner indicates that "the claimant's search for work, as recounted by him, could have been conducted in a period of time varying from a few hours to a day each week. In view of his age and the state of health, which is good, this did not constitute reasonable effort to find work. If he had made greater and more serious effort to find work, he would have been employed much earlier than he was, and would have had a job to go to as soon as he left his Norwich Hospital employment."

It would appear that in many respects this case is similar to that reported in *Puter* v. *Administrator,* 22 Conn. Sup. 96. However, the decision of the commissioner is not placed upon the same grounds but on the ground that the applicant has failed to meet the reasonable effort requirement of the Unemployment Compensation Act. General Statutes § 31-235 (2).

It cannot be held that the decision is unreasonable or that the commissioner acted "unreasonably, arbitrarily or illegally." That is the limit of this court's jurisdiction in such appeals. *Lanyon* v. *Administrator,* 139 Conn. 20, 28. The court cannot substitute its own conclusions for those of the commissioner. *Almada* v. *Administrator,* 137 Conn. 380, 391; see Practice Book § 312; *Ogozalek* v. *Administrator,* 22 Conn. Sup. 100, 104.

The appeal is dismissed.