[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, pursuant to Conn. Gen. Stat. § 31-249b filed this appeal asserting that the Board of Review (hereinafter The Board) erred in denying her claim for unemployment benefits for the following reasons:
1. The Board improperly expanded the trial period doctrine to include a requirement that an employee remain on a job for a "minimum" period of time before being able to determine suitability;
2. The Board erred in finding that the plaintiff leaving was "premature," and;
3. The Board erred in finding that the plaintiff was required to CT Page 10303 explore alternatives to leaving (See plaintiff Trial Brief dated February 28, 2000 hereinafter plaintiff's TB at page 3).
The Employment Security Board of Review certified the record of this unemployment compensation appeal. The record reveals the following procedural history:
(a) The Administrator ruled plaintiff was ineligible for unemployment compensation benefits; (b) The claimant appealed that decision to an Appeals Referee under Conn. Gen. State. § 31-241; (c) The Appeals Referee conducted a hearing de Novo made findings of fact[1] and affirmed Administrator's determination on July 8, 1999. Exh. B.
The plaintiff appealed the Referees decision[2] to The Board of Review on July 26, 1999. The Board affirmed the decision of the Referee and denied the claim.[3] The plaintiff appealed to this court pursuant to Conn. Gen. Stat. § 31-249b.
The plaintiff concedes under the holding in United Parcel Service v.Administrator, 209 Conn. 381, 385 that the court is limited to review of the record filed by The Board of Review.
The court is bound by the findings of fact and reasonable conclusion of The Board adopted by the Referee in making its determination as to whether The Board's decision is arbitrary, unreasonable or illegal. (Defendant's Brief page 3). The court may not substitute its conclusions. The defendant argues that a motion to correct the findings is a necessary pre-requisite to challenge The Board's decision. (SeeCalnan v. Administrator, 43 Conn. App. 779, 785, 686 A.2d 134 (1996).
Conn. Gen. Stat. § 31-236 (a) provides, in relevant part, that [a]n individual shall be ineligible for benefits . . . (2)(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without good cause attributable to the employer . . . no individual shall be ineligible for benefits if he leaves suitable work (i) for good cause attributable to the employer, including leaving as a result of changes in condition created by his employer, or (ii) to care for a seriously ill spouse or child, or parent domiciled with the individual, provided such illness is documented by a licensed physician, or (iii) due to the discontinuance of transportation, other than his personally owned vehicle, used to get to and from work, provided no reasonable alternative transportation is available.
Connecticut courts when applying Conn. Gen. Stat. § 31-236 (a) allow an individual to leave work when an ordinary reasonable person has no alternative but to terminate employment. The Board in this case found CT Page 10304 that the plaintiff did not adequately explore alternatives to leaving her job and that it was "premature." The Board found that the employer was satisfied with her performance and was willing to transfer the claimant to a closer store and that she could expect to acquire a substantial number of repeat customers.
The principle argument by the plaintiff in this case rests only on the assumption that the plaintiff/claimant had a right to leave her job because she is vested with the right to leave her employment if the conditions are unsuitable. The plaintiff contends that her work was unsuitable because the job was not related to her training and experience and the hours, wages and location were less favorable to her previous job.
Our Supreme Court has held [s]uitability is not a matter of rigid fixation. It depends upon circumstances and may change with changing circumstances. Employment which may not be suitable while there is still a good present expectancy of obtaining other employment more nearly proportionate to the ability of the worker may become suitable if that expectancy is not realized within a reasonable time. Employment which may be unsuitable in a period of full employment may be suitable in a period of depression or of falling wages . . . The longer a claimant is unemployed because of his inability to obtain work adapted to his higher skills or to skills related to them, the broader should be the field of is availability for work, and the more other jobs should be deemed suitable. Dubkowski v. Administrator, 150 Conn. 278, 188 A.2d 658
(1963).
Each case is determined by its own facts. "General Statutes § 31-236
(1) does not permit the establishment or application of any arbitrary adjustment period." Northrup v. Administrator, 148 Conn. 475, 172 A.2d 390
(1969) (citations omitted). (See Defendant TB page 7).
The plaintiff claims that The Board of Review misapplied the trial period doctrine where it found that she did not stay on her job long enough. The plaintiff agues that The Board erred by improperly expanding the trial period."
This court agrees that the trial period doctrine reflects that an employee is entitled to a reasonable time to determine if she is suited for the work just as an employer may assess the suitability of the worker during a probationary period. (See Plaintiff's TB pp. 7-8).
The Board in this case dismissed the appeal of the plaintiff and stated "At the time of hire, the claimant was told she could expect to earn more than her $25,000 draw. A period of one year is generally required to CT Page 10305 assess a salesperson's earnings with the subject employer because its business is in high-priced products and are generally sold as a design package, including furniture, lamps, rugs and curtains. The salespeople are expected to assist in designing floor plans and coordinating items sold. Due to the nature of the business, sales are not consummated quickly and it takes a while to accrue repeat and referral customers. December is historically a slow sales month due to decreased customer traffic.
The Board of review added that one of her reasons to quit was travel time which the employer offered to correct by moving her to the Milford store which would have also satisfied her concerns about her earnings.
In this case the language of The Board that a period of one year is generally required to assess a sales persons earnings did not expand the trial period. The employee cannot arbitrarily fix the trial period to determine suitability any more so than the employer. The Referee in this case found that the plaintiff reasons that she wanted to spend more time with her husband and not wanting to work weekends were personal reasons, to be sympathized with, but did establish good cause for her resignation under § 31-236(a)(2)(B) of the Connecticut Statutes.
The court will not substitute its judgment in this case.
Accordingly, the appeal is denied.
By the Court,
Frank S. Meadow, Judge Trial Referee