ROCCO MANCINI *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

| SUPERIOR COURT | NEW HAVEN COUNTY<br>AT WATERBURY | FILE No. 27110 |

Memorandum filed July 10, 1963

*Vincent J. Scamporino,* of Middletown, for the plaintiff (claimant).

*Albert L. Coles,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

*Shipman & Goodwin,* of Hartford, for defendant Cantillon Construction Company.

SHAPIRO, J. The claim of the plaintiff for unemployment compensation benefits came before the administrator of the Unemployment Compensation Act, who denied him benefits, among others who had also applied. The matter then came before a panel of three commissioners, which, on October 30, 1961, decided that the plaintiff was entitled to benefits, thereby reversing the administrator. This is an appeal by the employer from the decision rendered by the said panel.

The administrator had concluded that (1) the plaintiff's unemployment was due to the existence of a labor dispute at the premises at which he was employed, and (2) he did not show to the satisfaction of the administrator that he came within the statutory exception. Accordingly, the administrator denied the claim for benefits and the plaintiff appealed. The appeal was heard by a three-member panel of unemployment commissioners which (1) sustained the administrator's conclusion that this unemployment was due to the existence of a labor dispute, at the plaintiff's place of employment, between his employer and the laborers' union, to which the plaintiff did not belong; (2) reversed the administrator's conclusion that the plaintiff did not come within the statutory exception or escape clauses; and (3) concluded that the plaintiff was available for work within the meaning of § 31-235 (2) of the General Statutes. Accordingly, the panel of commissioners awarded benefits. The

employer has taken this appeal, claiming that the commissioners erred in reaching conclusions two through six, as is recited more fully in the further amendment to the appeal.

The statute applicable to this case is § 31-236 (3), which provides that an individual whose unemployment is due to the existence of a labor dispute at the premises at which he is employed is ineligible for benefits except "if it is shown to the satisfaction of the administrator that (a) he is not participating in . . . the labor dispute which caused . . . [his] unemployment, and (b) he does not belong to a trade, class or organization of workers" who are participating.

The burden of proof is upon the plaintiff-claimant to show that he was not participating in the labor dispute at the place of his employment and therefore was within the statutory exception (a), and that he is not ineligible as provided under the statutory exception (b), as earlier recited. *Lanyon* v. *Administrator,* 139 Conn. 20, 32; *Cennamo* v. *Administrator,* 22 Conn. Sup. 302. Furthermore, being unwilling to cross the picket line is participating in the labor dispute and renders a claimant ineligible for benefits. *Lanyon* v. *Administrator,* supra, 33; *Baldassaris* v. *Administrator,* 135 Conn. 695. To come within these statutory exceptions and thus be eligible for benefits, the plaintiff must prove that he was willing to cross the picket line and also that he did not belong to an organization of workers who were unwilling to cross the picket line.

The rule of law applied by the commissioners is stated by them as follows: "At the very least . . . [the administrator] must establish that the claimant in question would not cross a picket line to get to his work." How did the claimant sustain his burden to show to the satisfaction of the administrator that he was not participating? The only

subordinate facts in this respect are contained in the finding in the decision on the motion to correct finding of facts, dated December 26, 1961, as follows: "The claimant did not know whether or not he was willing to cross the laborers' picket line on April 21st or thereafter in order to go to work at the post office garage or elsewhere"; in the finding, paragraph 10A: "It is the general policy of the bricklayers' union to respect the picket lines of fellow trades in the building trades. The plaintiff had been a member of the union for 12 years and was aware of this policy. The employer was also aware of this policy"; and in the finding, paragraph 10B: "At no time during the course of the strike of the laborers' union did the claimant or his local union express to the employer any willingness to disregard the policy of the bricklayers, i.e., that they disregard fellow trades' picket lines, nor did they inform the employer that the claimant was willing to cross the laborers' union picket lines and go to work." These subordinate facts do not support the conclusion that the plaintiff was not supporting the strike as his union would expect him to do. It may be a fact, as the commissioners state, that some union members will not be loyal to their union. However, the question here is whether this plaintiff would be loyal to the union principle to respect the picket line; and as to this, the plaintiff, who himself should know, says that he does not know. As argued, if he does not know, how could the commissioners brand him as disloyal and conclude that he was willing to cross the picket line? This depends on the state of mind and involves an inquiry into his mental condition. *Mishaw* v. *Fairfield News,* 12 Conn. Sup. 318, 321. A mental condition is a fact, and, to establish it, declarations of the party tending to show what it was are admissible. *Horowitz* v. *F. E. Spencer Co.,* 132 Conn. 373, 379. The burden is on the plaintiff to establish that he would

cross the picket line. Thus, the rule of law which the commissioners applied in concluding that he was not participating (conclusions 2 and 3) is erroneous. It also follows that the conclusions that he was not ineligible (conclusions 4 and 6) are also erroneous.

The purpose of the statute is to deny benefits to one whose unemployment is due to a labor dispute unless he shows that neither he nor his union is lending strength in support of the demand of another segment of labor. The burden to prove this is upon the plaintiff, which he has not sustained. It is therefore clear that the commissioners erred in their conclusions 2, 3 and 4.

We come now to the commissioners' conclusion 5, that the claimant is available for work within the meaning of § 31-235 (2), and their conclusion 6 that the claimant is therefore eligible for benefits. "One of the requirements for eligibility for benefits is that the unemployed person be 'available for work.' General Statutes § 31-235 (2). This means that he is willing, able and ready to accept suitable work which he does not have good cause to refuse, that is, that he is genuinely attached to the labor market. *Reger* v. *Administrator,* 132 Conn. 647, 651 . . . . One 'who limits his availability for work because of personal reasons unrelated to the employment is not entitled to compensation.' *Leclerc* v. *Administrator,* 137 Conn. 438, 441 . . . ." *Northup* v. *Administrator,* 148 Conn. 475, 477. There is no direct or positive finding that the plaintiff was ready and willing to work on his job at the post office and, if necessary, to cross picket lines to get to work. Neither is there such a finding that he had good cause to refuse such work. The finding as made is not direct and positive that he was ready and willing to work on the job which he was performing immediately prior to the unemployment

for which he is now claiming benefits. *Puter* v. *Administrator,* 22 Conn. Sup. 96.

"In short, the test of a worker's availability is subjective. As long as no provision of the act disqualifies him, he is entitled to its benefits . . . when he has exposed himself unequivocally to the labor market." *Mishaw* v. *Fairfield News,* supra. The test of availability being subjective, the decisive question is not whether work was available for him but whether he was available for work. It is only when work is not available that the question of eligibility for benefits will arise and the burden then is on the plaintiff to prove that he is available. There was no duty on the employer to offer him work to test his availability for work on the job. The plaintiff who seeks the benefits has the burden to show that he was willing and ready for work. *Waskiewicz* v. *Egan,* 15 Conn. Sup. 286. It was for the plaintiff to offer, and if then he was not given work, he would have established his right to benefits. However, even if there were a duty on the employer, in view of the findings, paragraphs 10A and 10B, tender of a job under the circumstances would have been futile and was not required. *Leclerc* v. *Administrator,* supra, 442; *Soldate* v. *McNamara,* 94 Conn. 589, 591. The commissioners erred in conclusions 5 and 6.

The plaintiff argues that the Unemployment Compensation Act should be liberally construed. As to this contention there can be little argument. However, such construction does not mean distortion or tortured result. The real measure is the legislative intent. The court cannot subscribe to the theory advanced by the plaintiff when he contends that one must take into consideration the complexities of the building trade; that the employer did not invite or request plaintiff to continue to work when the picket line was set up; that the employer knew

that a bricklayer will not carry bricks on a hod or mix his cement; that such work belongs exclusively to the laborer; and that for this reason, the employer dismissed him and as long as laborers were out on strike there was no need for the plaintiff to report for work. The fact is that the commissioners concluded that the unemployment was not due to lack of work but to the existence of the labor dispute. This conclusion has not been challenged.

For the reasons given, the appeal is sustained and the case is hereby remanded to the commissioners with direction by the court to make a new award denying benefits to the plaintiff.