LESLIE BLAKESLEE ET AL. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

| SUPERIOR COURT | FAIRFIELD COUNTY AT BRIDGEPORT | FILE NO. 119020 |
| --- | --- | --- |

Memorandum filed June 4, 1964

*Norman Zolot,* of New Haven, for the plaintiffs.

*Harold M. Mulvey,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

*Herman M. Levy* and *David B. Salzman,* of New Haven, for Stanley Warner Management Corporation.

KLAU, J. This is an appeal by the employer, Stanley Warner Management Corporation, from a decision of the unemployment compensation commissioner for the fourth congressional district affirming the decision of the administrator awarding unemployment compensation benefits to the three plaintiffs and denying the appeal of the employer. The appeal of the employer alleged that the commissioner had erred in his decision on the following grounds: (1) The conclusion reached by the unemployment compensation commissioner holding the plaintiffs eligible for unemployment compensation was not legally consistent with the subordinate facts found. (2) The commissioner failed to find the plaintiffs available for work on their own jobs with the Stanley Warner Management Corporation during the weeks with respect to which they claimed unemployment compensation benefits. (3) The commissioner failed to find whether the plaintiffs were involuntarily unemployed during the weeks with respect to which they claimed unemployment compensation benefits.

The employer filed a motion to correct the finding of the commissioner. The commissioner corrected his finding, but the employer nevertheless filed supplementary reasons for appeal on the ground that certain paragraphs of the finding as corrected were made without evidence. See Practice Book,

1963, § 628 (c). The principal assignments of error of the supplementary reasons for appeal are that the amended finding of the commissioner to the effect that the arrangement made by the union for a two-weeks-on and one-week-off schedule for the three plaintiffs had been made with the agreement of the employer, and that therefore the plaintiffs' unemployment was due to the action of the employer, was made without evidence.

The commissioner found the following facts: During the period substantially from December, 1961, to July, 1962, the plaintiffs each filed for approximately seven to ten or eleven weeks of unemployment compensation benefits on an intermittent basis, since each was working as a projectionist in the employer's Warner Theater in Bridgeport on a two-weeks-on, one-week-off basis.

In paragraph 5 of the finding, as amended, the commissioner states: "The reason for the odd working schedule of the three projectionists was due to reduced work at the Warner Theater. Previously, there had been $330.00 per week worth of man-hour wages available to the three men to handle the projection work. However, after a certain date, it developed that only $220.00 worth of man-hour wages was available each week in the way of work for the three projectionists . . ." Paragraph 6 of the finding of the commissioner states: "Due to an agreement between the Union and the theater, it was agreed that nobody would be laid off, but that there would be arranged a two-week-on and one-week-off schedule in order to allocate the reduced work on an equitable work-sharing arrangement." Paragraph 7 thereof states: "The company wanted to give each of the men something like 16 or 17 hours of work a week and give them each approximately $73.00 in wages per week; but the Union preferred

the two-weeks-on and one-week-off schedule, so that each of the men would be free to make other work arrangements on the week off and not be subject to call on the week off. The employer agreed to the Union suggestion."

The commissioner concluded, therefore: "[S]ince they were unemployed as the result of the employer's act or decision, then they are entitled to benefits for that week as long as they are available and making reasonable effort to look for work. These men are entitled to benefits during the week in which they filed, in which week they were not earning any wages and were unemployed as the result of their employer's act made necessary by the exigencies of their employer's business. The decision of the Administrator awarding benefits to these men is affirmed and the appeal of the employer is denied."

There was no evidence from which the commissioner could have found that the two-weeks-on and one-week-off system was ever approved by the employer. The employer, in fact, desired to have all three plaintiffs work sixteen and two-thirds hours, and, therefore, each plaintiff would earn $73.33 per week. The employer had no control over the eligibility of the projectionists and the hours each worked. The employer had a contract with the local union to which the projectionists belonged whereby the union agreed to supply projectionists to the employer for a maximum of fifty hours' operation at a total cost of $220, where previously the local union had supplied labor for a maximum of seventy-five hours for a total cost of $330 per week. The reduction in hours was due to the reduction in the hours of operation by the theater during which the theater was open for entertainment and not to a reduction in the hours of employment of any projectionist.

There was no evidence from which the commissioner could have found that there was an agreement between the employer and union that "no one would be laid off," as found in paragraph 6 of the finding, wherein the commissioner had found: "Due to an agreement between the Union and the theater, it was agreed that nobody would be laid off, but that there would be arranged a two-week-on and one-week-off schedule in order to allocate the reduced work on an equitable work-sharing arrangement."

The finding, therefore, should be corrected in accordance with paragraphs 1 and 2 of the "Motion to Correct Finding." Practice Book, 1963, § 628 (c); *Lanyon* v. *Administrator,* 139 Conn. 20, 28. Since it was the decision of the union to adopt the two-weeks-on and one-week-off working arrangement, the employer had no alternative but to accept. As stated in *Dubinsky Bros., Inc.* v. *Industrial Commission,* 373 S.W.2d 9, 12 (Mo. 1963): "In other words, these changes were arranged entirely by the employees and the Union, subject perhaps to a formal statement by the employer that it had no objections."

With the finding therefore corrected, the issues are then (1) whether the plaintiffs were ever unemployed as required by § 31-227 of the General Statutes, and (2) whether they were available for work as required by § 31-235 (2). Section 31-227 provides: "Benefits shall be payable only to individuals who are unemployed and are eligible for benefits." The pertinent provision of § 31-235 provides: "An unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that . . . (2) he is physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain

work . . ." A voluntary cessation of employment does not entitle a person to the benefits of the Unemployment Compensation Act. *Kelly* v. *Administrator*, 136 Conn. 482. The court in *Anson* v. *Fisher Amusement Corporation*, 254 Minn. 93, 98 (1958), said: "If the act of employment separation was performed by him directly of his own free will, or indirectly by his act of vesting in another discretionary authority to act in his behalf, the ultimate resulting act is a voluntary one which disqualifies him for compensation. This is likewise true when an employee acts directly in obedience to a representative control which, by his own choice, he has vested in another as his agent. [Union]. No authority need be cited for the statement that a labor union does not contract as agent of the employer. It is equally clear that a union is the agent of its members." See *Kilgore* v. *Industrial Commission*, 337 S.W.2d 91 (Mo. App. 1960); *Dubinsky Bros., Inc.* v. *Industrial Commission*, supra.

Assuming, however, that the finding of the commissioner can be supported in the evidence with respect to an agreement between the employer and the union that no one would be laid off and there would be arranged a two-weeks-on in order to allocate the reduced work, the question still arises whether the plaintiffs are eligible for unemployment compensation benefits under the provisions of § 31-235 (2). Although the administrator originally approved the claims of the plaintiffs from the employer, and the employer appealed to the commissioner, who sustained the administrator, the administrator now takes the position, in argument and in filing a brief supporting the employer, that his original decision was in error in that the plaintiffs are not eligible for benefits under the act because they were not "available for work" as required by the statute.

The conclusions of the commissioner clearly indicate that the plaintiffs were not available for work during the one-week-off. The burden of proof is on the plaintiffs to prove that they were available for work. *Waskiewicz* v. *Administrator*, 15 Conn. Sup. 286; *Mancini* v. *Administrator*, 24 Conn. Sup. 461, 463. To be available for work within the meaning of the statute, "one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market." *Dubkowski* v. *Administrator*, 150 Conn. 278, 280; *LeClerc* v. *Administrator*, 137 Conn. 438, 439. The burden is on the claimant to prove that he was willing to work. The test of availability is subjective, and the only consideration is the conduct of the claimant: Is he willing to work? He is entitled to benefits if he is willing to work and the employer is unwilling to offer him any work. *Reger* v. *Administrator*, 132 Conn. 647, 651. He is not entitled to benefits if he is not willing to work, regardless of the employer's consent to his unwillingness to work.

It would appear that the plaintiffs chose unemployment and that they were not involuntarily unemployed. *Schettino* v. *Administrator*, 138 Conn. 253. The Unemployment Compensation Act was designed to give some measure of protection to "employees who lose their jobs" and should be liberally construed to accomplish its purpose. *Waterbury Savings Bank* v. *Danaher*, 128 Conn. 78, 82. But "[v]oluntary idleness is not involuntary unemployment." *Lanyon* v. *Administrator*, 139 Conn. 20, 33. Benefits are not payable for voluntary idleness. "The basic policy of the [unemployment compensation] law is advanced as well when benefits are denied in improper cases as when they are allowed in proper cases." *Krauss* v. *A. & M. Karagheusian, Inc.*, 13 N.J. 447, 455.

The commissioner erred in concluding that the plaintiffs were unemployed and were available for work.

The appeal is sustained, and the case is remanded to the commissioner to make a new award denying benefits to the plaintiffs.