THOMAS DOUTON *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 36569

Memorandum filed February 9, 1970

*Suisman, Shapiro, Wool & Brennan,* of New London, for the plaintiff.

*Robert K. Killian,* attorney general, and *Carl D. Eisenman,* assistant attorney general, for the defendant administrator.

ARMENTANO, J. This is an appeal from the decision of the unemployment compensation commissioner denying benefits to the plaintiff from January 19, 1969, to February 22, 1969, on the ground that on January 24, 1969, he voluntarily left work without sufficient cause connected with his employment.

The commissioner found the following facts. The plaintiff, a member of Local 10, Bricklayers', Masons' and Plasterers' International Union of America, worked for Robert J. Sullivan, a contractor, for one and a half hours on January 24, 1969. His coworker and shop steward, one Shefflott, left the job. The plaintiff left because of his understanding that union rules would not permit him to remain on the job when the shop steward left, nor when he did not have someone to assist him with the type of work he was doing. There was in effect on January 24, 1969, a "Working Agreement between Bricklayers', Masons' and Plasterers' International Union of America, Local No. 10—Connecticut, The New London Contractors Association, Inc., and Employers in the Jurisdiction of Local No. 10—Connecticut" which provided that "any Masonry Unit weighing

40 lbs. or more shall be laid by two masons working as a team. All 8″ x 16″ x 8″ concrete masonry units shall be laid by two masons, working as a team . . . ." Because of that "Working Agreement" the plaintiff would have been in violation of it had he remained at work. The union business agent could not be located that day to find another mason to work as the plaintiff's partner, and another mason could not be found.

The commissioner further found that the union rule, of itself, did not render the work or the conditions of the job, after the departure of Shefflott, unsuitable within the meaning of the unemployment compensation law.

Section 31-236 of the General Statutes reads: "An individual shall be ineligible for benefits . . . (2) during the week in which, in the opinion of the administrator, he has (a) left suitable work voluntarily and without sufficient cause connected with his employment . . . and for the next four following weeks . . . ." The questions before this court are: Did the commissioner reasonably, logically and legally conclude that the plaintiff (1) left suitable work voluntarily and (2) without sufficient cause connected with his employment?

The work of the plaintiff was suitable. It was the work of his trade, skill and choice and the work for which he was hired. He left his work because the shop steward "was leaving because of a disagreement." The plaintiff stated that "it is a basic union rule that when shop steward walks off we all walk." The plaintiff did not know the nature of the disagreement. He left an existing job as a result of his own free choosing. He was not told, nor was he compelled, to leave. He was not discharged and could have remained, if he had desired. His employer, Sullivan, stated that there was no reason

for the plaintiff's leaving. Frank Garaliano, the union's business agent, stated that the plaintiff "did not have to leave." If the act of employment separation was performed by him directly of his own free will, the ultimate resulting act was a voluntary act. *Blakeslee* v. *Administrator,* 25 Conn. Sup. 290, 295. The conclusion of the unemployment commissioner that the plaintiff left suitable employment voluntarily is reasonable, logical, legal, and amply supported by the evidence.

The commissioner found that because of the aforesaid working agreement the plaintiff would be in violation of it had he remained at work, that is, had he laid "any Masonry Unit weighing 40 lbs. or more . . . or [any] 8″ x 16″ x 8″ concrete masonry units" alone, without a partner working with him as a team. The issue presented here is not whether there is a violation of a union working agreement, by a union member, on a union job, with a union employer, but whether the plaintiff left work without sufficient cause connected with his employment within the meaning and intent of the Unemployment Compensation Act. The plaintiff contends that he left work for sufficient cause because of the provisions of the union working agreement. If he had not left but had continued with his employment, he would have been violating that working agreement (and consequently would have exposed himself to union action and discipline). A short answer to that contention is that the right of an applicant for unemployment compensation is fixed and determined by the provisions of the statutes and not by any rules or agreements of his union. The legislature has not delegated to the union the determination, by rule, agreement or otherwise, of what constitutes sufficient cause for refusing to continue employment. The Unemployment Compensation Act was never intended to allow unemployment compensation bene-

fits for the reason that a plaintiff was a member of a labor union, or because of some private contract, or because of some order of a shop steward, or otherwise. *Lemelin* v. *Administrator,* 27 Conn. Sup. 446. It cannot be said, as a matter of law, that a violation of a working agreement by a union member constitutes sufficient cause for voluntarily leaving work so as to entitle him to unemployment compensation benefits.

The plaintiff's refusal to continue work was for a personal reason not connected with his employment. He left work without sufficient cause connected with his employment within the provisions, meaning, and intent of the Unemployment Compensation Act. The conclusion of the commissioner that the plaintiff left suitable work voluntarily without sufficient cause connected with his employment was reasonable, logical, legal and amply supported by the evidence.

The court is bound by the findings of subordinate facts and by the reasonable conclusions of fact of the commissioner. *Almada* v. *Administrator,* 137 Conn. 380, 391. The court cannot review the conclusions of the commissioner when they depend on the weight and credibility of witnesses. Practice Book § 435.

Accordingly, for the foregoing reasons, the appeal is dismissed and the decision of the unemployment compensation commissioner is affirmed in its entirety.