270 So.2d 100

**In re Tom VENTRESS, as Director of the Department of Industrial Relations of the State of Alabama, and The Central Foundry Company, a corp.**

**v.**

**Clarence RICE et al.**

**In re Tom VENTRESS, as Director of the Department of Industrial Relations of the State of Alabama, and The Central Foundry Company, a corporation.**

**SC 84.**

Supreme Court of Alabama.

Nov. 9, 1972.

Rosen, Wright & Harwood, P. A., Tuscaloosa, for respondents.

Hubbard & Waldrop, Tuscaloosa, for Central Foundry Co.

J. Eugene Foster, Montgomery, for The Department of Industrial Relations.

MADDOX, Justice.

If a worker's *sole* reason for refusing to cross a picket line and return to work at a struck plant is a real, genuine, well-founded fear of violence, is he entitled to receive unemployment compensation benefits? The Court of Civil Appeals held that he was. We granted certiorari to review that decision in light of the opinion announced by this Court in Ex Parte McCleney, 286 Ala. 288, 239 So.2d 311 (1970).

After review, we are of the opinion that the Court of Civil Appeals has misinter-

preted *McCleney* and, consequently, we must reverse and remand its judgment.

The essential facts, as set out in the opinion of the Court of Civil Appeals, are as follows:

Central Foundry was struck on March 1, 1969 by the International Association of Machinists and Aerospace Workers, Local 455. A picket line was established. Claimants were members of another union, International Molders and Allied Workers, Local 311. Their union did not strike. Central Foundry ceased operations on March 1. Claimants filed for unemployment benefits on March 2. On March 21, Central Foundry notified claimants that work was available and to return to work on March 24. Claimants failed to return to work. Thus, their claims were denied for the weeks when work was available and they did not work.

On March 14, 1969, there was mass picketing at the struck plant and as the result of the stopping of a locomotive, seven picketers were arrested as trespassers. This incident resulted in the issuance of an injunction which required peaceful picketing and limited the number of pickets.

Claimants contend that they wanted to work and were willing to work, but that they were afraid that if they crossed the picket line or attempted to cross, they would be harmed personally.

The opinion of the Court of Civil Appeals sets out more facts than we have stated in the opinion, but the facts herein set out are sufficient to present the question of law involved—whether under the facts here the claimants come within the "violence exception" and thereby qualify them for unemployment compensation benefits.

In Ex Parte McCleney, this Court said:

"Unless the exception is narrowly restricted, its recognition, without more specificity, would tend to encourage violence on the picket line because a member of a nonstriking union could say that violence on the picket line caused him to refuse to cross it and begin to draw compensation. In a large multi-union plant, this procedure could go on and on and the insurance funds would be seriously depleted and the rates would rise sharply.

"To qualify for unemployment compensation, the burden of proof is on the claimant to show (1) that he was willing to cross a peaceful picket line, Speagle v. United States Steel Corp., 268 Ala. 3, 105 So.2d 717; Mancini v. Administrator, 24 Conn.Sup. 461, 194 A.2d 540; (2) that he made a reasonable attempt to cross the picket line in question, Achenbach v. Review Board of Ind. Employment Sec. Div., [242 Ind. 655,] 179 N.E. 2d 873, Sup.Ct. of Indiana; Baldassaris v. Egan, 135 Conn. 695, 68 A.2d 120; Franke v. Unemployment Comp. Bd. of Review, 166 Pa.Super. 251, 70 A.2d 461; (3) that claimant's *sole* reason for failing to cross the picket line was a well-founded and reasonable apprehension of violence to his person. See Lanyon v. Administrator, 139 Conn. 20, 89 A.2d 558; Sangamo Electric Co. v. Donnelly, 26 Ill.2d 348, 186 N.E.2d 230; Marczi v. Board of Review, 63 N.J.Super. 75, 163 A.2d 723. . . ."

Claimants assert that if they show that the *sole* reason for their failure to return to work was because of a real and genuine fear of personal violence, they become entitled to unemployment compensation benefits. They take a statement out of *McCleney* [1] to justify their position. We

---

[1]. In *McCleney*, 286 Ala. at p. 294, 239 So.2d at p. 317, this Court said:
". . . Claimants argue that 'violence does not cease to exist automatically upon the issuance of an injunction.' Theoretically, it should. We know that it does not always do so. We do not hold that evidence of violence is inadmissible after the issuance of an injunction, but that the burden is still on the claimant to show that he was willing to cross the picket line, that he attempted to *or* that the sole reason for his failure to return to work was because of a real and genuine fear of personal violence." [Emphasis added.]

do not construe *McCleney* as does the Court of Civil Appeals. Tit. 26, § 214(A), Code, 1940, as amended, provides:

"*Disqualification for benefits.*—An individual shall be disqualified for total or partial unemployment:

"A. For any week in which his total or partial unemployment is directly due to a labor dispute still in active progress in the establishment in which he is or was last employed; for the purposes of this section only, the term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment. . . ."

■ This Court has decided that a "violent exception" is included in our law, but has determined that the exception should be narrowly circumscribed. In *McCleney*, the elements of proof required were specifically stated. To qualify for unemployment compensation, the claimant had the burden to show (1) that he was willing to cross a peaceful picket line, (2) that he made a reasonable attempt to cross the picket line, and (3) that claimant's *sole* reason for failing to cross the picket line was a well-founded and reasonable apprehension of violence to his person.

Even though in *McCleney*, the conjunction "and" was not used when the elements of proof were set out, it is implicit in *McCleney* that the conjunctive was intended. The use of the disjunctive "or" later in the opinion was used in a context which shows that there is a heavy burden on a claimant to show that his refusal to cross a picket line was not because he was in sympathy with the strike. If a claimant could subjectively state that the only reason he failed to return to work was because he was afraid of violence, the "violence exception" could be used, as this Court said in *McCleney*, as a procedure which could "go

on and on and the insurance funds would be seriously depleted and the rates would rise sharply." By use of the disjunctive "or" in *McCleney*, this Court did not intend to eliminate the requirement that a claimant prove that he would be willing to cross a peaceful picket line and back up his willingness by making a reasonable attempt to cross the picket line.

■ The claimants in this case made no attempt to cross the picket line and return to work, as requested. The notice to return to work was given after the issuance of the injunction. Claimants state that if their *sole* reason for refusal to cross a picket line is a genuine, well-founded fear of violence, they need not even attempt to cross a picket line—however peaceful. They assert that if we require proof of an attempt in every case that we will encourage "confrontations." In the first place, *McCleney* does not require that a claimant attempt to cross every picket line. It holds there must be a *reasonable* attempt made.

Applying the rules of *McCleney* to this case, the claimants did not meet the burden of proof to bring themselves within the "violence exception." The trial court should have affirmed the decision of the Board of Appeals of the Department of Industrial Relations.

We reverse the judgment of the Court of Civil Appeals and remand the cause with directions to that court to direct the trial court to set aside its judgments and to affirm the decisions of the Board of Appeals of the Department of Industrial Relations denying the claims of each of the claimants.

Reversed and remanded with directions.

MERRILL, COLEMAN, BLOODWORTH and SOMERVILLE, JJ., concur.

HEFLIN, C. J., dissents.

HEFLIN, Chief Justice (dissenting).

I agree on this issue with the opinion of the Court of Civil Appeals.