WRIGHT, Presiding Judge.
Claimants appeal from judgment in circuit court denying unemployment compensation.
Claimants are members of two unions: Local 311 of the International Molders and Allied Workers, and Local 199 of the Office and Professional Employees International Union. Claimants filed individual claims for compensation with the Alabama Department of Industrial Relations, acting as class or test claimants for all other similarly situated members of their respective unions. After denial of their initial claims a hearing was held by an appeals referee. Extensive testimony was taken before the referee. The referee denied the claims. In subsequent review the Board of Appeals affirmed. Appeal from the decision of the Board of Appeals was filed in the Circuit Court of Tuscaloosa County. Such appeal by statute, Title 26, Sec. 221, is by trial de novo. The appeal was filed as a class action under Rule 23, ARCP. By agreement the matter was presented to the trial judge upon the certified transcript of the proceedings before the appeals referee and a stipulation. It was stipulated that the action was a proper class action under Rule 23, ARCP and that all requirements of a proceeding under the rule had been met and satisfied.
Upon consideration of the testimony and stipulation, the trial court found for the defendant and claimants appeal.
The claims for unemployment compensation arose on December 11, 1973 when members of the Machinists Union at Central Foundry in Tuscaloosa went on strike and set up picket lines at the entrances to the plant. Though the plant was open and supervisory personnel and others were working, claimants did not cross the picket lines and work. Their claims for compensation were denied because their unemployment was directly due to a labor dispute in progress at their place of employment.
Title 26, Sec. 214, Code of Alabama (1940) provides as follows:
“An individual shall be disqualified for total or partial unemployment:
“A. For any week in which his total or partial unemployment is directly due to a labor dispute still in active progress in the establishment in which he is or was last employed; . . . .”
To the disqualification provided by the statute, the Supreme Court of Alabama by construction has established an exception. That exception is founded upon the proposition that an employee who does not participate in the strike and does not cross a picket line because he has a reasonable fear of violence is not unemployed voluntarily. The Supreme Court said in Ex parte McCleney, 286 Ala. 288, 239 So.2d 311 as follows:
“We think that the ‘violence exception’ is reasonable and that the legislature never intended that an employee be denied unemployment benefits if his unemployment was involuntary because he was prevented by personal violence or a well-grounded fear of same from entering the premises of his employing establishment.”
Having established the violence exception to the statute, the court specified that the exception was to be “narrowly restricted.” It cast the burden of proof upon the claimant to bring himself within the exception. The court further specifically set out the elements of proof necessary to establish the right to the violence exception. In doing so the court said as follows:
“To qualify for unemployment compensation, the burden of proof is on the claimant to show (1) that he was willing to cross a peaceful picket line . . .; *823 (2) that he made a reasonable attempt to cross the picket line in question; (3) that claimant’s sole reason for failing to cross the picket line was a well-founded and reasonable apprehension of violence to his person. . . . We use the word ‘sole’ as contrasted with refusing to cross a picket line because of union beliefs, sympathy with other strikers, pangs of conscience, or adherence to union principles. (Citations omitted.) Ex parte McCleney, supra, p. 292, 239 So.2d p. 315.
In a previous case, Holmes v. Rice, 49 Ala.App. 219, 270 So.2d 92, involving a strike in 1969 by the same union as here, this court attempted to apply the elements of proof set out in McCleney other than conjunctively. We were quickly corrected on certiorari by the Supreme Court. Ventress v. Rice, 289 Ala. 631, 270 So.2d 100 (1972). It was made plain in the opinion of the Supreme Court that the requirements of McCleney quoted hereinabove were each necessary to be proved conjunc-tively in order to establish the violence exception. We are bound by that decision.
We have carefully examined the testimony of the claimants in this case in light of the requirements of proof established by Ex parte McCleney, supra, and restated in Ventress v. Rice, supra. It is our conclusion that the claimants failed to meet the burden of proof to establish the violence exception to the provisions of Title 26, Sec. 214A.
Of the various claimants who testified, none stated that he attempted to cross the picket line. Some of the claimants never came to the plant during the strike. There was no testimony of violence on the picket line. There was only one instance of alleged violence occurring away from the picket line, and the instigators of that instance were not identified as strikers. One claimant stated he came to the plant entrance on December 12, 1973 and told a picket he was going to work. He stated the picket told him, “I’ll tell you one damn thing, you ain’t going to come out.” He made no effort to cross the picket line. Each of the claimants said they did not work because of fear of violence. Such fear was largely stated to be founded upon occurrences of violence in prior strikes of 1962 and 1969. Some claimants stated they refused to cross the picket line because of a clause in their union contract permitting them to refrain from crossing a lawful picket line established by another union. One claimant contacted his International representative and was advised not to cross the picket line on account of bodily harm.
The testimony failed to show any mass picketing or any violence occurring on the line until nearly two months after the strike began.
In the absence of any finding of fact or conclusions of law in the judgment of the trial court, we are compelled to conclude that the court deemed the evidence insufficient to support the burden cast upon claimants to prove they were entitled to compensation under the “violence exception” to the statute. Our review of the evidence supports the judgment of the trial court. Therefore, on authority of the decisions in Ex parte McCleney, supra, and Ventress v. Rice, supra, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.