JONES, Justice.
This is a class action on behalf of members of two labor unions who work at the Central Foundry in Holt, Alabama. The claimants seek unemployment compensation for the period of time when a strike by a third union shut down operations at Central Foundry. The claims were denied by both the Department of Industrial Relations and the Circuit Court of Tuscaloosa County because the claimants’ unemployment was directly due to a labor dispute in progress at their place of employment (Tit. 26, § 214). The claimants’ appeal, asserting that their situation fell within the “reasonable fear of violence” exception set out in Ex parte McCleney, 286 Ala. 288, 239 So.2d 311 (1970):
“To qualify for unemployment compensation, the burden of proof is on the claimant to show (1) that he was willing to cross a peaceful picket line . (2) that he made a reasonable attempt to cross the picket line in question . . . (3) that claimant’s sole reason for failing to cross the picket line was a well- *825 founded and reasonable apprehension of violence to his person. . . .We use the word ‘sole’ as contrasted with refusing to cross a picket line because of union beliefs, sympathy with other strikers, pangs of conscience, or adherence to union principles.”
The Court of Civil Appeals affirmed the trial Court’s denial of relief on the basis of Ventress v. Rice, 289 Ala. 631, 270 So.2d 100 (1972), which held that the elements set out in McCleney must all be proved before nonstriking employees are entitled to unemployment compensation. The Court of Civil Appeals found that the claimants in the instant case did not actually cross the picket line although one of them did come up to the picket line and was warned not to attempt to cross.
The claimants filed a petition for cert-iorari, under Rule 39(5), asking this Court to overrule Ventress v. Rice, supra, on public policy grounds. They argue that the law should not encourage violence. If the employees can establish a high likelihood of violence at the picket line, the claimants contend that the employees should not be required to risk physical harm by attempting to cross the line.
We granted certiorari to determine whether the Ventress case requires a rethinking or an explanation in light of the Court of Civil Appeals’ interpretation. After reviewing the record, we believe the Court of Civil Appeals reached the correct result in this case, but we also believe its interpretation of Ventress was overrestric-tive. The Court of Civil Appeals correctly read Ventress to require the elements of McCleney to be proved conjunctively, but it misinterpreted the second requirement— “a reasonable attempt to cross the picket line.”
The difficulty with the factual resolution of this case is that it is brought as a class action. The violence exception as stated in McCleney and Ventress necessarily requires an individual determination of the second element — a reasonable attempt to cross the picket line. The only claimant who testified to his own reasonable attempt to cross the picket line was Bedford Clary who stated that he told a picket he was going to go to work and the picket responded, “I’ll tell you one damn thing, you ain’t going to come out.”
Other than this incident, the record is devoid of evidence of attempts to cross the line. Most of the claimants founded their fear of violence upon occurrences of violence at prior strikes. Some of the claimants testified that they did not even come to the plant when they heard there was a strike. Others stated they refused to cross the line because of the clause in their union contracts permitting them to observe a lawful picket line established by another union. We find that the evidence supported a denial of compensation under McCleney and Ventress.
We believe, however, that for future cases the violence exception needs some clarification. The Court of Civil Appeals’ opinion indicates that it interpreted the violence exception to require an actual physical effort to cross a picket line regardless of what threats or other atmosphere of violence were present. Specifically, the Court of Civil Appeals recited Bedford Clary’s testimony of the threat he encountered at the line, but concluded, from the fact that Clary then walked away from the line, that he had not made a sufficient effort to cross.
Standing alone, this testimony would not justify a denial of Clary’s claim for compensation under McCleney and Ventress, but this does not alter the result reached by the Court of Civil Appeals since the trial Court had other testimony, including Clary’s, which indicated that Clary made no further attempts to go to work after learning that other nonstriking employees had been permitted back to work. The McCleney and Ventress cases require only a reasonable attempt to cross the picket line or evidence that such an attempt would produce violence or be futile.
*826 The “reasonable attempt” criterion does not contemplate that nonstriking employee must risk physical harm. There are conceivable situations in which such a violent atmosphere prevails at a strike site that no actual attempt to cross the picket line would be required. For example, if the testimony of Bedford Clary had been un-qualifiedly accepted by the trial Court, the fact that Clary did not physically attempt to cross the picket line would not preclude his right to compensation whether or not his claim is presented individually or as a class action.
It is also conceivable that the “reasonable attempt” criterion could be met in certain situations by a claimant who never approached the picket line at all. For example, if several people attempting to cross had met with violence and a claimant knew of this violence, the law would not require him to do a futile act by attempting to cross the picket line. Here, again, a claimant need not risk violence to himself to come within the violence exception. Thus the situation existing at a strike site will dictate the standards of reasonableness to be applied to criterion of attempted crossing, and each claimant’s individual attempt to cross should be examined within the context of that situation.
Presiding Judge Wright of the Court of Civil Appeals, in his extended opinion on rehearing in Holmes v. Rice, 49 Ala.App. 219, 270 So.2d 92 (1972), correctly stated:
“ . . . if it were shown that a claimant’s sole reason for failing to cross a picket line was a well founded and reasonable apprehension of violence to his person it would be totally superfluous and unnecessary to prove that he was (1) willing to cross a peaceful picket line, and, (2) that he made a reasonable attempt to cross such picket line. We further indicated that proof of the latter two matters could only be relevant in an effort or means tending to prove the first.”
We repeat that we do not find in this case such an overriding atmosphere of violence as to support claims under the violence exception.
CORRECTED AND AFFIRMED.
All the Justices concur, except HEFLIN, C. J., who concurs in the result.