VINCENT J. MILEWSKI *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT       FAIRFIELD COUNTY       FILE NO. 162540
AT BRIDGEPORT

Memorandum filed March 8, 1977

*Vincent J. Milewski,* pro se, the plaintiff.

*Carl R. Ajello,* attorney general, and *Donald E. Wasik* and *Robert W. Murphy,* assistant attorneys general, for the defendant.

BURNS, J. The plaintiff has appealed the commissioner's decision denying unemployment compensation benefits to him for the reason that he voluntarily retired from his employment and is, therefore, ineligible for benefits.

The facts as found by the appeals referee are not in dispute. The plaintiff, a member of the Teamsters Union, retired from employment as a truck

driver for Associated Transport, Inc., on January 30, 1976. Sometime prior to his retirement the plaintiff had heard rumors, later proven to be accurate, that the company was on the verge of bankruptcy. Rather than risk loss of vacation pay and other benefits, the plaintiff decided to retire. The conditions of his employment were otherwise satisfactory and were not detrimental to his health or safety.

Section 31-236 (9)[1] of the Unemployment Compensation Act provides that an individual shall be ineligible for benefits if he voluntarily retires from employment unless it is found that (1) he retired because the work became "unsuitable considering his physical condition and the degree of risk to his health and safety"; (2) he requested other suitable work; and (3) his employer did not offer him such work. The plaintiff claims that his retirement was involuntary in that he was "forced" to retire due to the imminent bankruptcy of the company.

[1] Sec. 31-236 of the General Statutes provides, in pertinent part: "An individual shall be ineligible for benefits . . . (9) if it is found by the administrator that he has retired and that such retirement was voluntary, until he has again become employed and has been paid wages in an amount required as a condition of eligibility as set forth in subdivision (3) of section 31-235; provided, if it is found by the administrator (a) that he has retired because (1) his work has become unsuitable considering his physical condition and the degree of risk to his health and safety, and (2) he has requested of his employer other work which is suitable and (3) his employer did not offer him such work, or (b) that he has been involuntarily retired, he shall not be ineligible on account of such retirement and the weekly amount payable to him shall be an amount equal to his benefit rate for total unemployment less the amount of whole dollars in the weekly amount of retirement pay or pension paid to him directly by the employer or paid indirectly by the employer in the manner set forth in subdivision (5) of subsection (b) of section 31-222 until he has received the full amount of his entitlement as provided in sections 31-231b and 31-232a. Notwithstanding the provisions of this subsection, no veteran who has retired from the United States armed forces shall have the amount of his unemployment compensation benefits reduced in any way by any military service retirement or pension payments he receives . . . ."

If the act of separation from employment is performed by the employee of his own free will, the act is a voluntary one. See *Douton* v. *Administrator,* 28 Conn. Sup. 394, 397; *Blakeslee* v. *Administrator,* 25 Conn. Sup. 290, 295. The plaintiff was not compelled by his employer to retire. The fact that his decision was based upon extrinsic circumstances which in his judgment pointed to retirement as the only logical course of action cannot in itself make his action involuntary. All acts of free will are to some extent conditioned by the circumstances presented. One cannot say that he had no choice merely because there was but one logical choice. He still may choose or not choose the logical course as his free will allows. Although in retrospect it is true that the plaintiff was presented with somewhat of a Hobson's choice, that is, with the choice of either continuing his employment and risking the loss of substantial retirement benefits should the company go bankrupt, or of retiring voluntarily and thus becoming ineligible for unemployment benefits, his retirement was voluntary in every sense of that word.

The plaintiff, moreover, cannot invoke any exception to the statute. The only specific exception to disqualification from benefits as a result of voluntary retirement is intended to avoid the harshness of the statute in a situation in which an employee, although not in fact forced to retire by his employer, was unable to continue his employment owing to reasons of health and safety. The reason for leaving employment must be related to work, and the exception does not take into consideration circumstances triggering retirement which are not directly related to working conditions of the claimant.

Generally, when a statute expressly provides for an exception to its general application, any other grounds for exception are excluded. See *Hoard* v.

*Sears Roebuck & Co.,* 122 Conn. 185, 193. In the present case, the plaintiff is asking the court to engraft on the statute an exception peculiar to his own situation because his reason for retiring was sound under the circumstances. The court may not add exceptions to a statute merely because in its opinion a good reason exists. See *Bailey* v. *Mars,* 138 Conn. 593, 598. In fact, to predicate a determination of eligibility on extrinsic circumstances not directly related to employment conditions would contravene the clear intent of the statute.

The plaintiff's appeal is, therefore, dismissed.