WRIGHT, Presiding Judge.
This is an unemployment compensation case. On August 9, 1976, United Steel Workers Local 1466 struck the Bessemer, Alabama plant of the Pullman Standard Company. They established picket lines at *MCLXVIII the entrances to the plant. There were numerous other employees who were not members of Local 1466, but were members of United Steelworkers Local 5374 and Machinists Local 372. These latter locals did not strike. The strike did not end until October 11, 1976. The employees who did not strike filed for unemployment compensation. These claims were denied as disqualified under § 25-4-78(1). Four of those disqualified appealed to the appeals board as representative of all the claimants. Their claims were again denied. They appealed to the circuit court. That court found them qualified to draw compensation from August 9, 1976 until October 11, 1976. The court found as fact that the sole reason the claimants did not cross the picket line was because each had a reasonable fear of violence and that such fear was well founded because of the violent atmosphere which prevailed at the picket line. Therefore, claimants, though not crossing nor attempting to cross the picket to work until at least October 5, were not disqualified under the statute because of the “violence exception.”
Section 25-4-78(1) in essence provides that an individual is disqualified for unemployment compensation for any week in which his unemployment is directly due to a labor dispute. The courts in construing the legislative intent of the statute concluded that it was not intended that one be denied compensation because of a labor dispute in which he was not involved, and if he showed that but for a reasonable fear of personal violence he would cross the picket line and work. Such exception to the strict construction of the statute has evolved from the decisions of our appellate courts during the last forty years and has come to be termed the “violence exception.” Discussion of and the history of that evolution is contained in the case of Ex parte McCleney, 286 Ala. 288, 239 So.2d 311 (1970). Recent decisions have sought to refine the “violence exception” by defining the factual requirements necessary to establish it. Reichhold Chemicals, Inc. v. McDaniel, 361 So.2d 363 (Ala.Civ.App.1978), cert. quashed, 361 So.2d 369 (Ala.1978); Clary v. Central Foundry Co., 333 So.2d 824 (Ala.1976); Ventress v. Rice, 289 Ala. 631, 270 So.2d 100 (1972). As claimants are disqualified unless within the exception, the burden of proof is upon them to show (1) that they were willing to cross a peaceful picket line, (2) that they made a reasonable attempt to cross the picket line, and (3) that their sole reason for failing to cross the picket line was a well-founded and reasonable apprehension of violence to their persons. Ex parte McCle-ney. The supreme court has further said that the three requirements of proof are to be applied in the conjunctive. The court said in Ventress,
[TJhere is a heavy burden on a claimant to show that his refusal to cross a picket line was not because he was in sympathy with the strike. If a claimant could subjectively state that the only reason he failed to return to work was because he was afraid of violence, the ‘violence exception’ could be used ... as a procedure which could ‘go on and on and the insurance funds would be seriously depleted and the rates would rise sharply.’ By use of the disjunctive ‘or’ in McCleney, this court did not intend to eliminate the requirement that a claimant prove that he would be willing to cross a peaceful picket line and back up his willingness by making a reasonable attempt to cross the picket line.” 289 Ala. at 634, 270 So.2d at 102.
In the case of Clary v. Central Foundry Co., the supreme court further refined or “clarified” the “violence exception” for the benefit of future cases. The court said, “The McCleney and Ventress cases require only a reasonable attempt to cross the picket line or evidence that such an attempt would produce violence or be futile.” The court then approved what this court said in its extended opinion on rehearing in Holmes v. Rice, 49 Ala.App. 219, 270 So.2d 92 (1972), though it had appeared to disapprove that statement in the opinion in Ventress which reversed Holmes. The effect of the “clarification” by Clary was stated in our opinion in Reichhold. The supreme court failed to repudiate what we said when it quashed its writ of certiorari in that case as improvidently granted.
*MCLXIX We perceive that the bottom line from McCleney, Ventress, Clary and Reich-hold is that the three conditions of McCle-ney are still required. A claimant must show that he was willing to cross a peaceful picket line and that he made a reasonable attempt to do so. However, if there is an overriding atmosphere of violence at the strike site which would reasonably indicate a risk of physical harm to an employee attempting to enter the premises, such an attempt is unnecessary.
If the knowledge of the existence of an overriding atmosphere of violence arising from the labor dispute is the sole reason for the failure of the non-participating claimant to cross the picket line and work, he is entitled to benefit of the “violence exception” and payment of compensation.
We have carefully examined the evidence in this case to determine if the claimants have produced evidence to establish their right to the “violence exception.” We find that the test claimants failed to prove the requirements of McCleney. The facts of this case are not as strong as those of Reichhold. The claimants’ testimony was that none of them made any effort to cross the picket line. They each stated that they did not attempt to cross because, “it was a no-no,” “our union doesn’t cross picket lines,” “I don’t think a good union member would do it.”
The great weight and preponderance of the testimony was that there was little if any violence at the strike site. Testimony as to violence in this strike concerned two members of the striking union who disagreed about the continuance of the strike in September and got in a fight at the union hall. Another member of the striking union crossed on October 5, less than a week before the strike ended, and was later assaulted at home by two other union members.
These incidents did not occur at the strike site, did not involve any claimants and did not occur until several weeks after the strike began and claimants failed to cross the picket line. There was no evidence that claimants had any personal knowledge of these incidents. Much testimony related to matters occurring during a prior strike more than ten years before, in 1965. Such testimony has little if any relevance to the question of whether there existed such an atmosphere of violence at the strike site in 1976 as to indicate risk of physical injury to one attempting to cross.
The testimony as to threats made at the picket line came from a member of the striking union who said he overheard some unidentified black man indicate that he had a gun in his car. We said in Reichhold that fear of violence must be real and not nebulous. Claimants claiming fear without objective cause is not enough. McCleney.
Claimants in this case clearly professed that they did not cross the picket line because of union membership or because of an ingrained prejudice against doing so. It can be said that they are then disqualified from further opportunity to come under the “violence exception,” for they could not meet the sole reason condition. However, it is evident that the evidence failed to meet the test of the prevalence of an overriding atmosphere of violence at the strike site which would excuse an attempt to cross the picket line or provide the sole cause for not crossing.
The judgment below is reversed and judgment rendered denying compensation.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.