[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The claimant, Victoria Hine, has taken this appeal from the defendant's denial of her claim for unemployment compensation benefits. The findings of fact made by the appeals referee were adopted by the board of review and may be summarized as follows:
The employer offered a special early retirement package to its employees as of October 30, 1992, and the claimant, a thirty year employee, accepted it because she felt her job had become too stressful because of the restructuring of the department and she was worried because she would have to take an advanced mathematics training class which was difficult and required a great deal of homework. She did not suffer from any health problems as a result and did not see a doctor and did not discuss her feelings with her supervisors. She did not fear discharge since she had a high level of seniority and knew of one employee who did not take the math course and was not discharged, and she was not retired and was seeking employment at the time she made the claim for benefits.
Based on the foregoing facts as found by the referee, the board concluded that she was disqualified from receiving benefits because she left suitable work, voluntarily and without sufficient cause connected with her work. General Statutes §31-236 (a)(2)(A). The plaintiff states in her appeal brief that her concern about being laid off in the near future caused her to take the early retirement option and that she did not intend to stop working. Although the plaintiff does not agree with the factual findings she did not file a motion with the board to correct them.
In any appeal of this kind, the court is not permitted to review the evidence to determine its weight and the credibility of witnesses and is not permitted to substitute its own conclusions for those of the board. Calnan v. Administrator,43 Conn. App. 779 (1996). The court's function is limited to deciding whether there was a logical and rational basis for the board's decision or whether it acted illegally or in abuse of its discretion. Id. 785.
The court concludes that there was a logical and rational basis for the board's decision because it could reasonably conclude from the facts found that the plaintiff's belief that a layoff was imminent was speculative and that she voluntarily terminated her employment as a matter of choice because she wished to avoid that possibility. See People's First NationalCT Page 626Bank v. Unemployment Compensation Board, 632 A.2d 1014 ( Pa. Cmwlth. 1993). The fear of an impending layoff "is not good cause to leave in order to get a head start in searching for other work [nor] is leaving work to accept retirement benefits good cause, even where it would be reasonable to take advantage of the benefits." Robinson v. Department of Employment Security,827 P.2d 250, 253 (Utah App. 1992).
The fact that an employee's decision to retire is based on considerations which in her judgment made it a logical course of action does not make her action any less voluntary and disqualifies her from benefits where the reasons are not directly related to the claimant's working conditions. Milewski v.Administrator, 34 Conn. Sup. 11 (1977). The court cannot create an exception not provided by law because her reasons for leaving her employment were sound under the circumstances and cannot "add exceptions to a statute merely because in its opinion a good reason exists." Id. 14.
For the foregoing reasons, the plaintiff's appeal is dismissed.
Harry Hammer Judge Trial Referee CT Page 627